## ANNE PERRETT and Husband *v.* ANTOINE DUPRÉ and others.

A lessor is bound to keep the premises in a condition fit for the purposes for which they were leased. If he* fail to make the repairs necessary during the lease, the tenant may make them himself, and deduct the amount from the rent.

The lessor is bound to indemnify the lessee, for all damage sustained by the latter in consequence of the vices and defects of the thing leased, though the lessor knew nothing of the existence of such vices and defects at the time of the lease, and even where they have arisen since.

Where, after the commencement of a lease, the house becomes so much injured as to

Perrett and Husband v. Dupré and others.

be incapable of being rendered fit for the purposes for which it was leased, other-
wise than by rebuilding it, and the lessor offers to dissolve the lease, which
the lessee refuses, and continues to occupy the building : *Held*, that the lessor will
not be responsible for any damage subsequently sustained by the lessee in conse-
quence of the condition of the building, and that the latter will not be entitled to
claim any diminution of the rent for the period he continued to occupy the premises
after the offer of the lessor to annul the lease.

In an action for the rent of a building occupied as a shop by a commercial partnership,
the judgment must be against the lessees *in solido*.

APPEAL from the District Court of St. Landry, *King*, J.

MORPHY J.   At the last September term, this court affirmed a
judgment, decreeing the defendants to pay two instalments of rent
due to the plaintiffs for a brick store and out-houses leased to
them in the town of Opelousas, and pronouncing a dissolution of
the lease.   See 19 La. 343.   The plaintiffs, in two suits, which
have since been consolidated, now claim the three semi-annual
instalments, which became due from the 15th of September,
1840, to the 15th of March, 1842.   The defendants aver that
the lease under which the plaintiffs, claim has been annulled ;
that the plaintiffs have not complied with the terms of the lease,
and have not kept the property in such a condition as they were
bound to do ; that part of the premises consists of a large brick
house, which has always been used as a store, and in which they
always had a large stock of goods on hand ; that without any fault
of theirs, the house has for a long time been in a state of decay
and dilapidation, the walls and roof being cracked in many places,
so that the rain and wind pass freely through, whereby the goods
in the store have been injured to the amount of $1000.   They
aver that they gave notice to the plaintiffs of the deterioration of
the house, and requested them to cause it to be repaired, which
they have neglected and refused to do ; that by reason of the
said cracks the house has lost much of its usefulness and value,
and has not been so well fitted for the use for which it was leased
as it was before ; that the plaintiffs, by failing to repair the house
as they were bound to do, are liable to suffer a diminution of
rent to the amount of $500 per annum, and to pay $1000
damages.   There was a judgment below, in favor of the plaintiffs,
for $1415, and the defendants have appealed.

The facts of this case are materially the same as those pre

sented by the record in the first suit, very little additional evidence having been introduced.

It is undoubtedly the duty of the lessor of a house to keep and maintain it in a condition to be used for the purpose for which it is leased; if he fails to make all necessary repairs during the continuance of the lease, the tenant is, by law, authorized to cause them to be made himself, and to deduct the amount expended in making them, from the rent due. It is equally true that the lessor is bound to indemnify the lessee, for all damages sustained by the latter in consequence of the vices and defects of the thing leased, even if he knew not of the existence of such vices and defects at the time the lease was made, and even when they have arisen since. Civ. Code, arts. 2662, 2664, 2665. But in the present case it is proved that the house leased was in such a situation as not to be susceptible of being repaired. The opinion of the workmen, consulted by both parties to this suit, was, that the house must be pulled down and entirely rebuilt, as the foundation had given way and sunk, and the walls had cracked in several places. As soon as the impracticability of repairing the house was ascertained, a dissolution of the lease was tendered to the defendants; but they refused it, and continued to occupy the premises. Though the house had really become unfit to be used as a store, yet, as it was known to the defendants that it could not be repaired, and that they were at liberty to leave it, they complain with bad grace, of having suffered damages which it was in their power to avoid. But the evidence shows that the loss of the defendants, if they suffered any at all, was extremely small. One of the defendants' clerks testifies, that some goods in a small room below were injured by the leaking of the house, but they did not sustain much damage, as he was always careful to remove them; that he supposes the damage to have been about twelve per cent; that there might have been about $300 worth of goods on the side of the room where the leak existed; that a quantity of stockings and socks were wet, &c. On the last trial, no attempt was made to prove any other damage to the stock of goods in the house; and that spoken of by this single witness, appears to have been sustained after the defendants had refused

to leave the house. *Volenti non fit injuria.* It appears from the whole testimony that there was more apprehension entertained by the tenants and their clerks, lest the house should fall over their heads, than real inconvenience felt or injury sustained from the crazy condition in which it was.

As to the diminution of rent claimed by the defendants for the time they continued to occupy the premises, after the plaintiffs' offer to annul the lease, we do not think them entitled to any. They clung to the possession of the property as long as it suited their convenience, and, by appealing from the judgment dissolving the lease, put it out of the power of the owners to oust them before the judgment was affirmed in September last. It was only a short time after, that they surrendered the premises. Having thus withheld the property, by suspending the effect of the judgment dissolving the lease, and continued to use it as before, they should, in our opinion, continue to pay the same rent. The appellees have prayed for an amendment of the judgment, which they contend should have been joint and several against the defendants, who are commercial partners.

It is, therefore, ordered, that the judgment appealed from be amended, so as to be rendered joint and several against the defendants ; and that it be affirmed, with costs, in all other respects.

*Swayze* and *Taylor*, for the plaintiff.

*T. H. Lewis* and *W. B. Lewis*, for the appellants.