No. 154.—ROBERT C. HYNSON *v.* JOHN CORDUKES and the Estate of R. C. HYNSON, Jr.

The lessor has a privilege for the payment of the rent on all the movables found on the leased premises without reference to whether such property belongs jointly to the partners in the planting business, or to one of them only. 19 An. 112 ; 20 An. 266.

Evidence is inadmissible in a suit by the lessor for rent, to show the terms and conditions of a partnership between the lessees.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Lewis*, J. *R. A. Hunter*, for plaintiff and appellee. *T. C. Manning, Ryan & White*, for defendants and appellants.

TALIAFERRO, J. The plaintiff leased his plantation for the years 1866 and 1867 to his son, R. C. Hynson, Jr. He reserved to himself a small portion of the land surrounding the mansion house in which he continued to reside. The number of acres leased in 1866 was twelve hundred and eighty, and for the year 1867, reserving to himself a larger quantity than he did in 1866, the quantity of land leased was nine hundred and thirty acres. Six dollars per acre for each year was the amount agreed upon for the rent. R. C. Hynson, Jr., being without means himself to sustain the expense of carrying on the cultivation of the place entered into a planting partnership with the defendant, Cordukes, who made all the advances necessary and paid for the supplies and current expenses of the plantation. This partnership was entered into about the time the lease was made. Besides the current expenses for the year 1866, it was essential to the enterprise the parties had engaged in, to erect new buildings on the plantation, which by the calamities of war had become stripped of all its improvements. A costly steam gin and mill with all the necessary machinery were built and established— besides other works of a permanent character were made. The entire cost of these improvements was paid by Cordukes. It was stipulated in the contract of lease that the cost of replenishing the place with necessary and permanent improvements should be taken out of the rent for the year 1866, the cost not to exceed the amount of the rent. There was no obligation on the part of the plaintiff to pay for any improvements made in 1867, as it was deemed that those made in 1866 were sufficient. A corn crib and a cabin, however, were built in 1867.

The plaintiff claims $13,260 for rent of the plantation for the two years. The defendant, Cordukes, claims as cost of the improvements he put upon the place $10,245, and presented an account with vouchers to establish it. A part of the account was rejected in the

court below, which reduced his claim to $8819 46. To this reduction we do not see that he objected. Robert C. Hynson, Jr., died in the latter part of the year 1867, and Cordukes became his administrator. Soon after the plaintiff instituted this suit against Cordukes and the estate of Robert C. Hynson, Jr., jointly, for $4440 54, the balance due, as he claims, after deducting the $8819 46 for the improvements.

The plaintiff had judgment in his favor on this basis for $2220 27, with legal interest from service of citation, against Cordukes, individually, and for the like sum and interest against him as administrator of the estate of Robert C. Hynson, Jr. The judgment also recognized the plaintiff's right of privilege as lessor upon the work animals, mules, farming utensils, etc. found upon the place and ordered them (already in the hands of the sheriff by provisional seizure) to be sold to pay the judgment. From this judgment the defendant, individually, and as administrator, appealed.

The defense is, that by the contract between the defendant, Cordukes, and Robert C. Hynson, Jr., an ordinary partnership was formed; that each partner is bound only for his half of the debts. On this ground he contends that his expenditures in permanent improvements made on plaintiff's plantation exceeds one-half the amount of the rent, and he accordingly claims from the plaintiff, in reconvention, the excess, which he places at $5000. He also claims damages for the provisional seizure of the mules, stock, etc., found on the plantation, all of which, he alleges, belong to him individually.

A bill of exceptions was taken by the defendant to the exclusion of evidence offered by him to show the terms and conditions of the partnership entered into between himself and Robert C. Hynson, Jr. The evidence was properly excluded. The stipulations of the partners between themselves could not affect the plaintiff who was not a party to them. A second bill of exceptions to the same purport was taken which it is not necessary to consider.

We think the judgment of the lower court correct. Here was a debt for the payment of which the law accords a privilege of the highest order. The defendant had been allowed the amount of his disbursements for improvements on the plaintiff's plantation and a balance remained. This balance was owing by the partnership, and whether jointly or not, the lessor's privilege bore upon all the personal property found upon the leased premises without reference to whether such property belonged jointly to the partners in the planting adventure or to one of them only. Civil Code article 2675; 19 An. 112; 20 An. 266; Civil Code 3185. See also, 18 L. R. 193; 3 Rob. 52; 10 An. 627.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.