Deslix v. Jonc.

---

PIERRE JEAN ALEXANDRE DESLIX *v.* CLEOPHÉE JONC.

Where a wife is a public merchant, carrying on a separate trade, she is in no way under the control of her husband so far as her trade is concerned, and needs no authorization from him to do any act in relation to it. C. C. 128. And where she occupies as a sub-tenant part of a building leased by the husband, the owner of the building will acquire, by operation of law, on her separate property contained in the shop occupied by her, a right of pledge for the payment of his rent, to the full extent of her debt to the principal lessee. C. C. 2675, 2676, 2677.

APPEAL from the District Court of the First District, *Bucha-nan*, J.

*Deslix*, appellant, *pro se.*

*Labarre*, for the appellee Caffin.

MORPHY, J.   The plaintiff having obtained a judgment in this case, took out an execution, under which he caused to be seized, as belonging to the defendant, a sum of $2094 99, in the hands of Charles Caffin.   He then propounded interrogatories to the latter in conformity with the act of 1839.   From the answers to those interrogatories, and the evidence adduced below, it appears that Pierre Jonc, the husband of the defendant, had leased from Caffin, for a considerable period of time, a large house forming the corner of Chartres and Custom-House streets, at the rate of $416 66⅔ per month ; that the defendant, who was separated in property from her husband, was a public merchant, and carried on, in her own name, a separate trade, occupied as a store the lower part of the house, and moved into it the goods and merchandize constituting her stock in trade ; that on, or about the 1st of February, 1842, Charles Caffin finding the doors of the store closed, and the premises abandoned, took out a provisional seizure, and had the goods and merchandize belonging to the defendant, sold for the rent due and to become due.   The sale produced the sum of $2094 99, out of which, after deducting some legal charges, Caffin received $1952 87.   Under these facts, the plaintiff called upon the garnishee, to show cause why he should not be decreed to pay him the amount of his judgment, with interest and costs, out of the money thus received, in payment of his rent.   There was a judgment below in favor of the garnishee, from which the plaintiff has appealed.

It is contended, on the part of the appellant, that article 2677, of the Civil Code, which gives to the lessee a right of pledge on the effects of under-lessees, and even of third persons, when the goods of the latter are in the house or store leased by their consent, express or implied, is inapplicable to the present case.   The idea presented is, that, as under article 1784 of the Civil Code, no contract can take place between the husband and the wife, and she is prohibited by article 2412, from binding herself or her property for the debts of her husband, the defendant could not

be viewed, either as a lessee of her husband, or as a third person by whose consent the goods were placed in the store ; but that she should be considered as being under the control of her husband, and as having obeyed his orders when she removed her goods into the conjugal domicil, or house rented and occupied by him, where she could more conveniently attend to her trade, and at the same time to her household and children ; that, there-fore, her separate property has been wrongfully made liable for rent due by her husband ; and that, as she would have a legal right to recover back from Caffin its proceeds, the plaintiff, as her creditor, can legally seize and exercise such right.

Admitting that the plaintiff can have and exercise, in his own right, the action which he contends the defendant, his debtor, would have, to recover back, as her own, the money received by Caffin from the sale of her goods, (which may well be doubted,) the grounds upon which he rests her claim are wholly untenable. The defendant being a public merchant, carrying on a separate trade, was in no way under the control of her husband so far as her trade was concerned, and she needed no authorization from him to do any act in relation to it, Civil Code, art. 128. For whatever appertained to her trade, she was a third person as to the lessor, who acquired on her separate property a right of pledge for the payment of his rent, the very moment she brought it into his house. This right cannot be affected by the circum-stance of her husband being the lessee principally or directly bound for the rent. We cannot consider her as having acted under marital constraint, when, by law, she was authorized to act without his consent, and in the manner she thought most condu-cive to her interest. The place where she determined to keep her store was, perhaps, the very best she could have selected for her business, and when she removed her goods into the store, she was perfectly aware of the right which, under the law, the owner of the house would acquire on them for the payment of his rent. Her property became liable by operation of law, and not by virtue of any conventional obligation entered into by her jointly with, or as security for Pierre Jonc, her husband. Article 2412, so much relied on was intended as a protection to married women, and not as a cloak under which they, and their husbands might

enrich themselves at the expense of their neighbors. It would be convenient indeed, for married women separated in estate from their husbands, to have the leases of the stores they occupy, executed in the names of their husbands, carry on their business in them, and obtain exemption from the payment of any rent on the ground relied on by the appellant. But it has been insisted that at all events, the goods of Madame Jonc should have been made liable only for the rent of the store and back rooms in which they were deposited, and which Caffin himself admits, under oath, were worth only $225 per month, to be computed only from the first of December, 1841. the whole rent having been paid up to that time. The goods found by a lessor on his premises are liable to his pledge for the rent due for the whole property, in whatever part of it they may happen to be stored, unless such goods belong to an under-lessee, in which case they are affected only so far as he is indebted to the principal tenant or lessee. Civil Code, arts. 2675, 2676, 2677. It is not pretended, in the present case, that the defendant was, or could, have become the lessee of her husband Pierre Jonc ; but, even if the store could be separated from the rest of the premises, its rent at $225 per month, up to the end of the lease, which Caffin had a right to claim, would far exceed the amount he received. *Christy* v. *Cazenove*, 2 Mart. N. S. 451.

*Judgment affirmed.*