*Margin:*
Eastern Dist.
June, 1835.

REA
vs.
BURT ET AL.

that state, without being answerable to the curator or administrator here.

So, a creditor of an insolvent succession, opened and administered here, who collects his debt out of the property of the deceased debtor situated in another state, is not required by law to refund to the curator here, for an equal distribution among all the creditors.

═══════════

## REA vs. BURT ET AL.

The lessor of a cotton press has no pledge, lien or privilege for the payment of his rent, on cotton sent there by third persons and transiently stored with the lessee, to be re-pressed.

This is an action to recover one thousand dollars from the defendants Burt & Knox, as lessees of the plaintiff's cotton press, for four months' arrearages of rent, with the lessor's privilege on one hundred and fifty bales of cotton, stored therein to be re-pressed.

Rhodes & Peters and others, intervened and claimed the cotton as belonging to them, and which they denied to be

subject to the plaintiff's lien or privilege for arrearages of rent due by the lessees.

On these pleadings, and the facts appearing substantially on the face of them, the cause was submitted to the court.

The district judge who presided, was against the lessor's privilege. He was of opinion the article 2678 of the Louisiana Code, was conclusive on the subject. If goods sent to an auctioneer to sell, are not liable to the privilege for rent, because they are only transiently there, to be sold; the principle applies equally to cotton sent to be pressed.

*Delvincourt* says, there is no privilege if lessor knew the goods did not belong to the lessee. The lessor of a cotton press may fairly be presumed to know that cotton does not belong to the lessee. *Sirey* and Paillette both adduce cases to the same effect. The case from 11 *Martin,* 239, decides no point applicable to the case. Judgment for the claimants and intervenors. The plaintiff appealed.

*Macready,* for the plaintiff, urged the reversal of the judgment. The plaintiff had a right to claim the lessor or landlord's privilege on the cotton stored in his press, for rent due and unpaid by his lessees. *Louisiana Code, articles* 2185, 2677, 3157, 3112.

2. The property of third persons found in the leased premises, and stored with the lessee, is subject to the lessor's privilege for rent. *La. Code,* 2677, 2187, 3112. 11 *Martin,* 242. 1 *Ibid., N. S.,* 718. *Civil Code, page* 468, *article* 74.

*Preston* and *Crawford,* for the claimants and appellees.

*Mathews, J.,* delivered the opinion of the court.

In this case the plaintiff claims one thousand dollars due to him for the rent of a cotton press and stores, and charges the defendant Knox, assisted by other persons, with a forcible and illegal removal from the premises of a certain quantity of cotton amounting to one hundred and fifty bales, which had been there placed for the purpose of storage and

re-pressing; alleging that the removal was made with the intention of defeating his privilege as lessor, on said cotton, and prayed an order for provisional seizure, &c., which was granted. Rhodes & Peters and others intervened and claimed the property thus seized, as belonging exclusively to them, and denied that the plaintiff had any lien or privilege on it. Judgment was rendered in favor. of the claimants, from which he appealed.

The testimony of the case shows that the cotton thus seized had been received by the defendants, for the purpose of being stored and pressed in the usual course of their business, &c., and was not their property.

The sole question arising out of these facts, is, whether property situated as this was, must be considered as pledged, by operation of law, to secure the payment of rent to the proprietor and lessor of the stores and press. Its solution depends on certain articles of the Code. The article 2675 gives a right of pledge on the moveable effects of the lessee, in favor of the lessor, for the payment of his rent, &c., which may be found on the property leased.

By the following article, this right includes the effects of sub-lessees, so far as they may be indebted to the principal lessor. The article 2677 is that on which the plaintiff mainly relies: it declares, that the right of pledge not only affects the moveables of the lessee and under-lessees, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied. As it follows immediately the preceding article, which limits the liability of sub-lessees, it may well be considered as having reference to those limitations, as it would be extremely unreasonable to place third persons who have less to do with the premises leased than under-lessees, in *duriori casu*, than the latter. But we are of opinion that property situated like that of the claimants in the present instance, is subjected to no lien or right of pledge whatever, in favor of the lessor; it was transiently in the store, to be re-pressed, and the article 2678 declares positively that the

*The lessor of a cotton press, has no pledge, lien or privilege for the payment of his rent, on cotton sent there by third persons, and transiently stored with the lessee, to be re-pressed.*

lessor's right of pledge does not extend to property thus situated.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.