EASTERN DIS.
May, 1841.

VAIRIN & CO. vs. HUNT ET AL.

VAIRIN & CO.
vs.
HUNT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

18  498
f124  621

There is no difference between dwelling houses and stores in relation to the rights of the lessor; on the effects of the lessee, and under lessee; and persons who pay storage on their goods in a warehouse are liable to the landlord's privilege *as sub-lessees.*

But the goods or effects of sub-lessees or persons storing property in a warehouse under lease, are subject to the proprietors' right of pledge or privilege *only* for such sum as *they may be owing at the time this right* is enforced.

This is an action to recover the sum of $504, the value of 237 sacks of corn, which it is alleged the defendants caused to be provisionally seized under the landlords' privilege for arrears of rent, amounting to $200, due them by their lessees, Mills & Settle, for a warehouse in Commerce street, in which the plaintiffs' corn was stored.

The plaintiffs further allege that they warned the defendants as soon as they had notice of the seizure, not to sell the corn as it was theirs; offering at the same time to pay the amount due for its storage ; but that they persisted, and obtained an order *ex-parte and sold the corn.* The plaintiffs pray judgment for its value.

The defendants pleaded a general denial. On these pleadings and issues the cause was tried.

It was admitted the corn in question was stored with Mills & Settle, the lessees of the defendants, in their warehouse on lease from the latter ; that there was $200 rent due from the lessees to defendants, for which the plaintiffs' corn was seized and sold. It was admitted the amount due for storage of the corn was tendered to the defendants before the sale of it, and declined by them.

There was judgment for the plaintiffs in the amount claimed and the defendants appealed.

*C. M. Jones,* for the plaintiff, relied on La. Code, art. 2678; that goods sent to an auctioneer for sale, are not liable for the landlords' privilege, because only transiently in store to be sold.

The same principle applies to the storage of merchandize with a lessee; especially when the landlord knew of the ownership of the goods he has no privilege; so says Delvincourt; see also 8 La. Reports, 509.

EASTERN DIS.
*May,* 1841.

VAIRIN & CO.
*vs.*
HUNT ET AL.

*Chinn & Anderson* for defendants and appellants, justified the seizure under articles 2675 and 2677 of the La. Code, which declare that the lessor has a right of pledge on property and effects *of the lessee,* found in the premises; and that the same provision extends to the property of *third persons* when their goods are contained in the house or store by their consent either express or implied.

*Morphy, J.* delivered the opinion of the court.

Plaintiffs seek to recover $504 as the value of a quantity of corn they had stored for safe keeping in a ware-house kept by Mills and Settle. This ware-house, the property of defendants, had been leased to the said Mills and Settle; the latter being indebted to defendants to the amount of $200 for rent, were sued and the corn belonging to plaintiffs seized under an order or provisional seizure. Upon being informed of this, plaintiffs immediately apprized defendants that the corn was their property, offered to pay the amount of storage due on it and notified them that they would be held responsible for the value of the corn, if not returned. Notwithstanding this notice and offer, on the part of plaintiffs, the corn was sold to pay the rent. The question is whether under these circumstances the goods of plaintiffs were pledged by operation of law to secure the judgment of the rent to the proprietors of the store, and if so, to what extent? It is contended that the corn seized was subject to defendants' right of pledge for the whole amount of rent due to them under article 2677 of the La. Code, which declares that "this right of pledge affects not only the moveables of the lessee and under lessee, but also those belonging to third persons when their goods are contained in the house or store by their own consent express or implied." It seems to be taken for

VAIRIN & CO.
*vs.*
HUNT ET AL.

There is no difference between dwelling houses and stores in relation to the rights of the lessor on the effects of the lessee, and under lessee; and persons who pay storage on their goods in a warehouse are liable to the landlords' privilege as sublessees.

granted that plaintiffs are third persons and not under lessees; we can see no good reason why they should be so considered. The preceding article 2675 gives to the lessor, for the payment of his rent, a right of pledge on the moveable effects of the lessee which are found on the premises leased. It declares that this right in cases of houses and other edifices includes the furniture of the lessee and the merchandize in the house or apartment, if it be a store or a shop. The next article provides that this right extends to the effects of sub-lessees so far as they may be indebted to the principal lessee, at the time when the proprietor chooses to exercise his right. From these articles of our Code, it is apparent that no difference was intended to be made between dwelling houses and stores, in relation to the rights of the proprietor on the effects of the lessee and under lessee. We cannot consider persons who pay storage for the safe keeping of their goods in a ware-house in any other light than that of ordinary sub-lessees. The only difference between the latter and the former consists in the mode of payment of their rent; the one pays so much per month or per year for the whole or the part of the building, while the other pays in proportion to the quantity of goods stored and the time they remain in the ware-house. It is well known that the most ordinary use made of large stores and ware-houses, by those who rent them, is to receive goods on storage. It has become, in this city, a particular line of business; the commission merchant, receiving the produce of the western country, but seldom rents a store directly from the proprietor; the latter generally rents by the year, while the commission merchant wants a place of safe keeping only temporarialy until he can sell the goods consigned to him. Thus the lessee of a ware-house generally underlets for short and indefinite periods to a number of persons such portions of the premises, leased to him, as may be wanted for the storage of goods and merchandize. It is very unusual for the principal lessee of a ware-house to underlease in any other way, nor would he find it profitable to do otherwise; but whether the underlease is made of a certain

part of a ware-house, or whether it is made by receiving goods on storage, it appears to us that the persons who pay rent or storage to the principal lessee, are his sub-lessees within the meaning of article 2676; and that their effects are to be subjected to the proprietor's right of pledge only for such sum as they may be owing at the time this right is enforced.

EASTERN DIS.
May, 1841.

In a city like ours, through which vast quantities of produce and goods are continually passing either to be sold for exportation or to be carried into the interior of the country, it would be detrimental to the interests of trade; if a different rule was to prevail, provisional seizures for large arrears of rent would be constantly obstructing the free and extensive transaction of business, and would, in some cases, lead to extreme hardship and injustice; it is from considerations of this kind, we understand, that elsewhere goods stored in ware-houses, in the course of trade, have been considered as placed there temporarialy and have been entirely exempted from distress for rent; 3 Kent's Com., p. 477.

But the goods or effects of sub-lessees or persons storing property in a ware-house under lease, are subject to the proprietors' right of pledge or privilege *only* for such sum as they *may be owing at the time this right* is enforced.

It is therefore ordered that the judgment of the District Court be affirmed with costs.