## No. 5741.

### John Coleman vs. Fairbanks & Gilman. C. Cavaroc & Son, Intervenors.

The property seized in this case is shown to belong to the intervenors, Cavaroc & Son, and is exempt from the lessor's privilege under article 2708, Revised Civil Code.

The contract between the intervenors and defendants and the evidence in the record show this property to be of the kind designated in said article 2708—merchandise sent to the establishment of defendants to be "made up" or manufactured for intervenors, and which was actually manufactured and to be sold for their account either by themselves or defendants. By a special stipulation in the contract it was to be exempt from storage; while it is shown that intervenors are not, in any contingency, indebted to defendants under their contract.

Under such circumstances, the property of the intervenors, which has been sold by consent, cannot be held liable to the privilege existing against defendants in favor of their lessor, the plaintiff.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *James D. Coleman,* for plaintiff and appellee. *J. S. Whitaker,* for defendants and appellees. *F. Fuselier* and *A. Pitot,* for intervenors and appellants.

Howell, J. The plaintiff sued defendants for rent and provisionally seized the movable property in the premises, consisting of sugar and molasses, as subject to the lessor's privilege. C. Cavaroc & Son intervened, claiming the said property as owners. Plaintiff reconvened, alleging that Cavaroc & Son were partners of Fairbanks & Gilman, and liable *in solido* with them for the rent and damages claimed in the main action.

Judgment was rendered in favor of plaintiff against defendants, with privilege on the property seized, rejecting the demand of the intervenors and that of plaintiff in the reconvention, from which intervenors appealed, and plaintiff asks that it be amended on his reconventional demand.

We think that the judgment in this last respect is correct, as the contract between the intervenors and defendants does not establish a partnership, but simply an agreement that Cavaroc & Son shall furnish all the raw material to be manufactured in the sugar refinery of defendants and pay the expenses of manufacturing, the defendants to receive two-thirds of the profits on the sale of the manufactured articles for their compensation. They were not to share losses. But we think the property seized is shown to belong to the intervenors, Cavaroc & Son, and is exempt from the lessor's privilege under article 2708, Revised Civil Code, which reads: " Movables are not subject to this right when they are transiently or accidentally in the house, store, or shop, *such as* the baggage of a traveler in an inn, *merchandise sent to a workman to be made up* or repaired, and effects lodged in the store of an auctioneer to be sold."

The contract between the intervenors and defendants and the evidence in the record show this property to be of the kind designated in this article. Merchandise sent to the establishment of defendants to be "made up" or manufactured for intervenors was actually manufactured and was to be sold for their account either by themselves or defendants. And by a special stipulation in the contract it was to be exempt from storage, while it is shown that intervenors are not in any contingency indebted to defendants under their contract. Under such circumstances the property of the intervenors (which has been sold by consent) cannot be held liable to the privilege existing against defendants in favor of their lessor, Coleman.

It is therefore ordered that the judgment appealed from be reversed so far only as it dismisses the demand of the intervenors, C. Cavaroc & Son, and that there be judgment in favor of said intervenors, setting aside the provisional seizure herein and decreeing them to be the owners of the property so seized and entitled to the proceeds thereof with the costs of intervention, and that in other respects the said judgment be affirmed, appellees paying costs of appeal.

Rehearing refused.