No. 5381.

W. M. GOODRICH vs. THOMAS B. BODLEY.

The goods of a third person found in a leased store, where they had been consigned by their owner to the lessee, to be sold by the latter at a price fixed by the owner, with the understanding and agreement that the lessee or consignee could keep, as his compensation, all that he could obtain above the inventoried prices, and that no rent or storage was due by the owner, will be affected by the lessor's privilege, and are liable to the latter's seizure for unpaid rent due by the lessor.

APPEAL from the Sixth District Court for the Parish of Orleans. *Saucier, J.*

*James McConnell* for Plaintiff and Appellant.

*E. W. Huntington* and *W. R. Mills* for Intervenors and Appellees.

*F. W. Baker* and *Hornor & Benedict* for Defendant and Appellee.

The opinion of the Court was delivered by

Poché, J.   The contention in this case is between plaintiff and inter-venor, and grows out of a seizure for the payment of rent due by the defendant.

The intervenor complains of the seizure of goods belonging to him, and stored in the leased premises, where they were kept for sale by defendant on conditions hereinafter stated.

Plaintiff has taken this appeal from a judgment rejecting his lessor's privilege on intervenor's goods found in the leased premises.

The record shows that intervenor's goods had been consigned in separate lots, at different times, to defendant, to be sold by him at a price stipulated by intervenor, and no less, but as much above said price as he could obtain, the excess over and above the inventoried prices to constitute his profits or compensation in the transaction ; that no rent was stipulated for the space occupied by the goods, and no charge for storage contemplated between the parties.   And it further appears that the goods had been in the store for a long time, all of which was within the full knowledge and with the express consent of intervenor.

It is thus apparent that intervenor was not an under-tenant, and hence, he can get no relief from the provisions of Art. 2706 of our Civil Code, which regulates the rights of under-tenants touching the lessor's privilege.

It is equally clear, that the goods were not transiently or accident-ally in the store, as the evidence shows that they were to remain there until sold at the invoice prices, and hence, the provisions of Art. 2708 of our Civil Code cannot be successfully invoked by intervenor.

Our conclusion is, that the question is to be solved under the provi-sions of Art. 2707 C. C., which extends the lessor's privilege to the movables belonging to third persons when their goods are contained in the store by their own consent.   C. P. Art. 207.

The case is governed by the conclusions reached by this Court in the case of the University Publishing Company vs. Mrs. C. Piffet, 34 An. 602, in which the lessor's privilege was held to affect goods con-tained in the leased house, without a contract of rent between the les-see and the owner of the goods, to be sold together with other goods of the latter.

The judgment of the lower court is, therefore, annulled and avoided ; and it is ordered that plaintiff's lessor's privilege do affect intervenor's goods contained and seized in the leased premises, and the costs of intervention and of this appeal to be paid by intervenor.