No. 4694.

Court of Appeal, Parish of Orleans.

## TULANE IMPROVEMENT CO., LTD., VS. W. B. GREEN PHOTO SUPPLY CO. ET ALS.

The lessee defaulted in the payment of rent and was sued by the landlord and his property found in the leased premises prov sionally seized as well as the property of his sub-tenant who, at the time of the seizure was not indebted to the lessee, held:

When the under-tenant is not indebted to his lessee at the time the provisional seizure was levied on his property, the landlord had no right of pledge thereon.

Appeal from the Civil District Court, Division "E."

Carroll, Henderson and Carroll, for Plaintiff and Appellant.

Denegre & Blair, for Defendant and Appellee.

ESTOPINAL, J. The Tulane Improvement Company leased to the W. B. Green Company, defendants, the premises 155 Baronne Street; with the consent of their lessor, the Green Company sublet a portion of the premises to Dr. J. D. Bloom.

The Green Company defaulted in the payment of their rent, and the Tulane Improvement Company entered suit, and on the 29th of July, 1908, secured an order for a provisional seizure against the property of the Green Company, and on the same day Dr. Bloom, the sub-tenant, was served the following notice:

"Please take notice that, by virtue of a writ of provisional seizure issued in the above numbered and entitled suit, I have seized and taken into my possession all the property belonging to you in that portion of the leased premises, 155 Baronne Street, occupied by you as sub-tenant."

Under agreement that Dr. Bloom should be responsible exactly as if his property had been released to him under a forthcoming bond, the seizure was released without requiring him to give bond.

Under the judgment and writ issued against the Green Company, the Civil Sheriff proceeded to sell the contents of the leased property belonging to the Green Company, but the

—281—

amount realized by said sale being insufficient by several hundred dollars (to satisfy the claim of the Tulane Improvement Company), the latter sued out a rule against Dr. Bloom to show cause why the property seized in the leased property and belonging to him should not be sold to recover the amount due by him as sub-tenant.

The defense set up by the defendant in rule is that the Tulane Improvement Company was without right to seize his property, because, at the time of the seizure, he was not indebted to the lessee, the Green Company, in any sum whatsoever, and that the lessor's privilege is confined to the sublessee's property found in the leased premises for such rent only as might be due by the sub-lessee to the lessee at the time of the seizure.

Our learned brother of the District Court dismissed the rule, doubtless basing his action on the textual provision of our code, the language of which is so plain as to permit neither ambiguity nor avoidance.

The record shows that under the terms of the lease with the Green Company, Dr. Bloom gave rent notes each for $75, maturing and due on the first day of each month and that all rent notes which had fallen due before the seizure had been paid; that the seizure was made on the 29th of July, the next rent note being due only on August 1, 1908.

The liability of a sub-tenant of the lessee to the original lessor on a claim for rent in a case such as the one at bar appears to us to be so well settled both by statute and the jurisprudence as to permit of no serious dispute.

Article 2705 of the Civil Code reads:

"The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the property leased."

Article 2706 reads:

"This right of pledge includes not only the effects of the principal lessee or tenant, but those of the under-tenant, so far as the latter is *indebted to the principal lessee at the time when the proprietor chooses to exercise his right.*

In the instant case we find, and indeed it is not disputed, that the under-tenant was not indebted to the principal lessee at the time the proprietor chose to exercise his right.

We cannot, in the face of the codal provision, which is

unequivocal, hold, that because only a short period intervened between the issuance of the writ of seizure and the time of maturity of the rent note, the textual provision of the law may be avoided. It is difficult to foresee where the line would be drawn and it would certainly preclude all possibility of obtaining a uniform jurisprudence on the subject.

Though it may not be a common or everyday proceeding, it is clear that the only way in which the landlord may exercise his right against the property of the under-tenant is by obtaining, if necessary, repeated writs of seizure.

In the cases of Varion & Company vs. Hunt et al, 18 La. 498; Kittredge vs. Ribas, 18 La. 718; Sanarens vs. True, 22 An. 181; Arent vs. Bone, 23 A. 387; Weatherly vs. Baker, 25 An. 229; and Campbell vs. Fowler, 28 An. 234, the Supreme Court sustains the position that the under-tenant's property cannot be seized by the landlord if at the time of the seizure against the principal lessee the under-tenant was not indebted to the latter.

The judgment of the District Court is not error and it is hereby affirmed.

April 7, 1909.

Rehearing refused May 3, 1909.

November 11, 1909—Decree Supreme Court.