(136 So. 282)

## RATLIFF v. CAMERON OIL CO. et al.
### No. 31116.

June 22, 1931.

Rehearing Denied July 17, 1931.

Moss & Siess, of Lake Charles, for appellant.

McCoy, Moss & King, of Lake Charles, and F. J. Winter, of Houston, Tex., for appellee Rycade Oil Corporation.

O'NIELL, C. J.

The plaintiff claims that the Cameron Oil Company and the Rycade Oil Corporation, in solido, owe him $18,308.35, being the balance due under a contract with the Cameron Oil Company for the drilling of three oil wells. The district judge gave judgment against the Cameron Oil Company for the amount claimed, with interest, but dismissed the suit against the Rycade Oil Corporation. The plaintiff alone has appealed from the decision. The only question, therefore, is whether the Rycade Oil Corporation is liable for the debt.

The case was submitted on a statement of facts, acknowledged by all parties. On the 30th of October, 1928, the Cameron Oil Company transferred to the Rycade Oil Corporation, for a valuable consideration, a half interest in certain oil leases which the Cameron Company owned in Cameron parish; and in the act of transfer they entered into an agreement with regard to the Cameron Company's drilling for oil. In the second paragraph of the contract it was stipulated that, for a stated consideration to be paid by the Rycade Corporation, the Cameron Company was to drill a well at a certain location; which well was drilled and paid for, and has nothing to do with this suit. In the fourth paragraph it was stipulated that, except as to the well referred to in the second paragraph, no well should be drilled at the joint cost or expense of the parties without their mutual consent; with the proviso that either party might, after notifying the other party, drill a well, which would be at his own cost if it resulted in a dry hole, and which the other party had the

option to become the joint owner of if the well should be a producer, by paying, within a time stipulated, twice the cost of drilling the well. The fifth paragraph of the contract contained the following stipulation for the protection of the Rycade Corporation against any debts or obligations that might be incurred by the Cameron Company, viz.:

"Should the well contracted to be drilled by the Company [meaning Cameron Oil Company] in paragraph II hereof, or any other well owned mutually by the parties hereto be brought in producing oil in paying quantities, then, expressly subject to the limitations herein contained, the [Cameron] Company shall have the control, management and supervision of all operations under said leases, looking to the discovery, development and production of oil, gas or other minerals, including not only the actual operation of the premises but also the payment of rentals, taxes and other charges, employment of labor and procurement of materials, but it is expressly understood that the [Cameron] Company is not by the foregoing authorized to create any debt or incur any expense in doing or performing any of the matters or things hereinbefore set out without first having procured the written consent of Rycade [Corporation] to incur any such debt or expense.

"It is expressly understood that the [Cameron] Company is not in anywise the agent of Rycade [Corporation], and Rycade [Corporation] hereby expressly denies any and all authority for the [Cameron] Company to in anywise act for it.

"Should the [Cameron] Company incur any expense or make any debt in the management and supervision of operations under said leases hereinbefore provided without said express written consent of Rycade [Corporation], then all such expense and debts shall be conclu-

sively deemed as the sole obligations of the [Cameron] Company."

The contract, from which we have quoted, was promptly recorded in the conveyance records of Cameron parish; and it is admitted that the plaintiff, before he entered into the contract with the Cameron Company for the drilling of the three wells, and before he started drilling the first of the three wells, knew of the contract between the Cameron Company and the Rycade Corporation, and knew that he was to drill the wells subject to the provisions of that contract. It is admitted that the Rycade Corporation paid to the Cameron Company half of the cost of the first two wells drilled by the plaintiff, and that the Cameron Company paid the money over to the plaintiff. It is also admitted that one of the conditions on which the contract was made between the Cameron Company and the plaintiff was that he should take a stipulated amount of stock in the company; that he did acquire the stock on the day on which the contract was made, and then became vice president and a director of the company, and was yet vice president and a director of the company when this suit was tried. It is admitted also that no officer, director, or agent of the Rycade Corporation knew that plaintiff had a contract with the Cameron Company for the drilling of three wells, until a date subsequent to the filing of this suit, and that no officer, director, or agent of the Rycade Corporation ever agreed to the contract between plaintiff and the Cameron Company.

The statement of facts which we have recited leaves no doubt that the Rycade Oil Corporation did not incur any liability under the contract between the plaintiff and the Cameron Oil Company.

The plaintiff's argument is that the contract for the drilling of three wells was an indivisi-

ble contract, and that, as the Rycade Corporation paid half of the cost of two of the three wells, the corporation is liable for at least half of the cost of the third well. That might be true, under some circumstances, but the proposition cannot prevail over the positive terms of the contract between the Rycade Corporation and the Cameron Company, of which contract the plaintiff was well aware when he entered into his contract with the Cameron Company. He contends also that the relation between the Cameron Company and the Rycade Corporation was that of the parties to a joint adventure, and that their obligations to third parties are governed by the laws governing partnerships. That might be conceded, to a limited extent, and as a general proposition; but this case is governed by the fact that the plaintiff knew, when he entered into the contract with the Cameron Company, on which he is now attempting to hold the Rycade Corporation liable, that the Rycade Corporation was protesting that it would not be liable under any such contract with the Cameron Company. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.