O’NIELL, C. J.
 

 This is a suit against the Cameron Oil Company and the Rycade Oil Corporation on an account of $16,901.50, for material and supplies used in the drilling of several oil wells on leases owned by the defendants jointly. The plaintiff, alleging that the contract between the defendants, for the management of the leases, created a commercial partnership between them, prayed for a judgment against them in solido. The Cameron Oil Company, being the one that had bought and used the material and supplies, made no defense to the suit. The Rycade Oil Corporation denied liability for the debt which was incurred by the Cameron Oil Company. The district court gave judgment for the plaintiff against the Cameron Oil Company but rejected the plaintiff’s demand against the Rycade Oil Corporation. The plaintiff alone has appealed. The only question, therefore, is whether the Rycade Oil Corporation' is liable for the. debt contracted by the Cameron Oil Company. The company is insolvent. Plaintiff concedes now that there was not a commercial partnership between the defendants, and hence that the Rycade Oil Corporation cannot be held liable in solido, or for the whole debt; but plaintiff insists that the Ryeade Oil Corporation is liable for half of the debt — not only upon the theory that there was an ordinary partnership between the defendants, but also by virtue of the contract between the defendants, under which the wells were drilled.
 

 The pertinent provisions of the contract between the Cameron Oil Company and the Rycade Oil Corporation, which was entered into on the 30th of October, 1928, and recorded on the 2d of January, 1929, are quoted in the decision rendered in Ratcliff v. Cameron Oil Company et al., 173 La. 99, 136 So. 282. In that case it was decided, virtually, that the contract between the two corporations did not give the Cameron Oil Company any authority to impose upon the Rycade Oil Corporation any debt or obligation in. favor of any third party.
 

 In the second paragraph of the contract it was provided that, for a stated consideration to be paid by the Rycade Oil Corporation, the Cameron Oil Company was to drill a well al a certain location on one of the leases; which well was in fact drilled and paid for. It was stipulated in the fourth paragraph that, excepting the well referred to in the second paragraph, no well should be drilled at the joint cost or expense of the parties without their mutual consent; provided that either party might, after notifying the other party, drill a well which would be at his own cost if it resulted in a dry hole, and which the other party might become a joint owner of if it should be a producer, by paying twice' the cost of the well. It was stipulated in the fifth paragraph of the contract that, if the well provided for in the second paragraph, or any other well owned mutually by the
 
 *363
 
 parties, should produce oil in paying quantities, then the Cameron Oil Company should have the control, management, and supervision of all operations under the leases, looking to the discovery' and production of oil, etc.; but the paragraph contained these clauses protecting the Rycade Oil Corporation, viz.:
 

 “ * * * But it is expressly understood that the [Cameron Oil] Company is not by the -foregoing authorized to create any debt or incur any expense in doing or .performing any of the matters or things hereinbefore set out, without first having procured the written consent of Rycade [Oil Corporation] to incur any such debt or expense.
 

 “It is expressly understood that the [Cameron Oil] Company is not in anywise the agent of Rycade [Oil Corporation] and Rycade [Oil Corporation] hereby expressly denies any and all authority for the [Cameron Oil] Company to in anywise act for it.
 

 “Should the [Cameron Oil] Company incur any expense or make any debt in the management and supervision of operations under said leases, a.s hereinbefore provided, without said express written consent of Rycade [Oil Corporation], then all such expense and debts shall be conclusively deemed as the sole obligations of the [Cameron Oil] Company.”
 

 It appears that the Cameron Oil Company, without the authority or consent of the Rycade Oil Corporation, bought from plaintiff material and supplies amounting to $19,449.-14, and used them on wells drilled by the company on the leases owned jointly with the Rycade Oil Corporation. The plaintiff delivered the material and supplies to the Cameron Oil Company, charged the bills to the Cameron Oil Company only, and rendered invoices to the Cameron Oil Company only. Although the Rycade Oil Corporation was not liable at all to the plaintiff, and was not obliged to reimburse the Cameron Oil Company for half of the debt, the Rycade Oil Corporation did, nevertheless, pay the Cameron Oil Company $9,724.57, being half of the cost of the material and supplies, and thereafter the Cameron Oil Company paid the plaintiff $15,-814.37 on account, leaving a balance due by the Cameron Oil Company to the plaintiff.
 

 The appellant here argues that, inasmuch as the contract between the defendants stipulated that no well should be drilled at their joint expense without their mutual consent, the necessary implication is that any well drilled with their mutual consent was at their joint expense. That is true, but the obligation of each party, in that respect, was an obligation in favor of the other party to the contract, but not an obligation in favor of any third party.
 

 Appellant cites and relies upon the following clause in the fifth paragraph of the contract, viz.:
 

 “The Company [meaning the Cameron Oil Company] shall keep accurate account of all expense for labor and material incurred by it in connection with the operations of said premises, and all such expense when authorized by Rycade [Oil Corporation], and all taxes and lease rentals as to leases in which Rycade [Oil Corporation] is interested, shall be borne equally and jointly by Rycade [Oil Corporation] and the [Cameron Oil] Company.”
 

 
 *365
 
 Appellant cites also and relies, upon the following clause in the sixth paragraph of the contract, viz.:
 

 “All material furnished on the premises covered by said lease, bought for the joint account, and all material furnished and used in connection with said well contracted to be drilled by the [Cameron Oil] Company, except drilling rig and drill stem, under Paragraph II hereof, shall he owned jointly by the parties hereto in equal undivided interests.”
 

 Those clauses defined merely the mutual rights and the corresponding obligations of the parties to the contract, towards each other, but none of the stipulations created or recognized any obligation on the part of either party in favor of any third party.
 

 The main theory on which ’the plaintiff seeks to hold the Rycade Oil Corporation liable in this case is that the contract between the - corporation and the Cameron Oil Company was a contract of copartnership. There are several reasons why the relation between the two corporations was not a partnership. In the first place, the stipulations of the contract negatived the idea of a partnership between the parties. In the second place, the contract lacked one of the essentials of a partnership; that is, a sharing in the profits or losses. And, in the third place, we doubt that there was. implied authority in either corporation to be a member of a partnership. Not only was there no stipulation for a sharing in the profits of the leases, -owned jointly by the parties, but there was a stipulation against the sharing of profits. In the tenth paragraph of the contract it was stipulated: “As to any production which may he procured from the premises affected hereby, it is understood that each party shall own (as contradistinguished from being joint property) its full one-half (%) share of the working interest.” According to that stipulation, the oil, as produced, was run into the pipe line, one-eighth to the credit of the lessor, as his royalty, seven-sixteenths to the credit of the Rycade Oil Corporation, and seven-sixteenths to the credit of the Cameron Oil Company. According to articles 2801, 2808, 2811, and 2813 of the Civil Code, a sharing of profits or losses is of the essence of a contract of partnership. The right of either party to the contract in question in this case to sell the share of the oil belonging to such party, without consulting the other party to the contract, was a sufficient element of the contract to make it not a contract of partnership. Edwards v. Fairbanks & Gilman, 27 La. Ann. 449; Bower v. Johnson et al., 28 La. Ann. 9; Coleman v. Fairbanks & Gilman, 28 La. Ann. 93.
 

 Appellant’s counsel cite J. P. Barnett Co. v. Ludeau, 171 La. 21, 129 So. 655, in support of the proposition that, when a contract purporting to be a contract of copartnership, entered into between a corporation and another party, has been carried out, it is too late for the plea to be made that the contract was ultra vires of the corporation. That ease was a suit brought by the corporation against the individual who was the other party to the contract, and he invoked the plea that the contract was ultra vires as to the corporation. The decision would be very appropriate here if the Cameron Oil Company were suing the Rycade Oil Corporation for its share of the cost of a well which the Ryeade Oil Corporation had consented to the drilling of for the mutual account of the two
 
 *367
 
 corporations, and if the Rycade Oil • Corporation were pleading that the contract was ultra vires as to the Cameron Oil Company. Of course, the plea could not prevail in such a case.
 

 The judgment is affirmed.