### HARDIN v. HOWARD et al.

#### No. 5226.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Robert J. Newson, of Shreveport, for appellant.

R. H. Lee, of Benton, for appellee.

HAMITER, Judge.

B. A. Sherrill entered into a written contract with E. Howard and John P. Scott, under which the two last mentioned parties agreed to drill a well in search of oil or gas on a 40-acre lease owned by Sherrill and located in Bossier parish, La. This particular tract was included in a 2,200-acre block of leases which had been previously assembled and acquired by Sherrill. The drilling was to be prosecuted with due diligence to a depth of 2,500 feet, unless oil or gas was discovered in paying quantities at a lesser depth.

It was further agreed that the entire cost and expense of drilling the well would be borne by Howard and Scott, and that Sherrill would furnish and permit the use of a drilling rig which he owned. If the well produced oil or gas in paying quantities on its completion, the 40-acre lease and all equipment, except the drilling rig, would be owned by all parties according to stipulated interests. Also in such event Sherrill agreed to assign to the other parties additional leases upon 660 acres in his block. The contract further provided that any part of the leases on such 660 acres would be assigned to Howard and Scott before the completion of the well, on the happening of stipulated conditions, such assignment, however, to be only for the purpose of enabling them to procure funds for their operations. Another provision was that waivers of liens on Sherrill's drilling rig must be obtained by Howard and Scott from laborers before they are permitted to work on the well.

Thereafter Howard employed Jacob P. Hardin, plaintiff herein, to construct the derrick on the lease. Sherrill had no connection whatever with this employment. The lumber necessary for and which was used in the construction was sold by Sherrill to, and paid for by, Scott and Howard.

The derrick was erected during the month of December, 1934. To secure the payment of the unpaid balance due him

for his labor, amounting to the undisputed sum of $115, Hardin filed and recorded in the mortgage records of Bossier parish, La., on May 23, 1935, written evidence and notice of a lien against the lease and all property situated thereon.

In this suit plaintiff seeks a solidary judgment for the above-stated amount against Howard, Scott, and Sherrill. A writ of provisional seizure was issued, under which the lease and drilling rig were seized. Howard and Scott made no appearance, and judgment by default was rendered against them. Sherrill tendered a motion to dissolve the writ of provisional seizure, and thereafter, with reservation of all rights, answered plaintiff's· petition.

There was judgment in Sherrill's favor dissolving and setting aside the writ of provisional seizure and rejecting plaintiff's demands. Only plaintiff has prosecuted an appeal to this court.

All questions pertaining to plaintiff's alleged lien and the issuance of the writ of provisional seizure have been abandoned and have passed from the case. This is. evident from the fact that plaintiff's counsel has not only not discussed them, but employs language in his brief showing such abandonment.

Appellant's sole contention before this court is that the agreement entered into by the three parties constituted one of partnership, and by reason thereof Sherrill is liable to him either for the full amount of the claim as a commercial partner or for one-half thereof as an ordinary partner.

In order to determine the question of partnership vel non here presented, we must look to the intention of the parties as revealed by the provisions of the aforementioned contract and also ascertain whether or not Sherrill was held out to the public as a partner.

Our Supreme Court, in the case of Chaffraix & Agar v. John B. Lafitte & Co., 30 La.Ann. 631, uses the following language, which is quoted with approval in Shushan Bros. & Co. v. Drennan & Hillcoat et al., 158 La. 480, 104 So. 214, to wit:

"The true, final, satisfactory, conclusive test is in the answer to the question: What was the real meaning and intention of the parties, as expressed in their contract, whether verbal or written? If they intended to create a partnership, they will be treated as partners inter sese and with respect to third persons: If they did not intend to create that relation, but merely to divide the profits, or to share profits and losses, in a speculation or adventure, they will not be partners inter sese, nor will they be liable as such. Those who hold themselves out to the public as partners, or knowingly permit themselves to be so held out, may not, indeed, be actually partners, if they have not so intended and agreed; but they will be subject to the same liabilities as partners to those who have dealt and given credit on the faith and in consequence of such acts."

A careful ·study of the contract convinces us that no partnership arrangement was intended or contemplated. Sherrill was desirous of developing his leases on the 2,200-acre block, and to obtain such development he proposed to assign to Howard and Scott, in consideration of their drilling the well and bearing all expenses, a definite interest in the 40-acre tract and also leases on particularly described 660 acres of land. This would indicate that the parties intended an undertaking in the nature of a sale of property in payment for services rendered.

And there is nothing in the record tending to show that Sherrill was held out to, or considered by, the public as a partner. Besides this, Hardin testified that he had no conversation with Sherrill before . the erection of the derrick.

Plaintiff's counsel argues that a sharing of the profits and losses was provided for under the agreement, and that such presupposed a partnership under articles 2801, 2808, 2811, and 2813 of the Civil Code. Our attention is called to the provision that on completion ·of the well the 40-acre lease would be owned by the parties according to stipulated interests. Assuming, for the purpose of this discussion, that the well had been completed and the proposed interests had become vested, each party to the contract would have had the right and authority to sell his interest or share of the oil without consulting the other parties. This was sufficient to show that the contract was not one of partnership. Sabine Supply Co. v. Cameron Oil Co. et al., 175 La. 360, 143 So. 327, 328.

Furthermore, there is nothing in the ·contract indicating that all parties would share in·the losses. On the contrary, it is graphically and specifically provided that Howard and Scott would bear all expenses, and

that protection from labor liens would be afforded Sherrill's property.

It is also urged that a partnership was contemplated by reason of the provision that "all equipment except the drilling rig shall be owned jointly by first party and parties of the second part." The Supreme Court, in Sabine Supply Co. v. Cameron Oil Co., supra, considered similar provisions of a contract, and in its opinion stated: "Those clauses defined merely the mutual rights and the corresponding obligations of the parties to the contract, towards each other, but none of the stipulations created or recognized any obligation on the part of either party in favor of any third party."

Considering the agreement in question in its entirety, we are of the opinion that no partnership was intended or existed among all of the parties.

For the foregoing reasons, the judgment is affirmed.