## THOMAS T. TWITTY v. THOMAS CLARKE.

Where the goods of third persons are placed, with their consent, in a leased house or store, they become subject to the pledge of the lessor.

Where a Constable has property under seizure, he cannot be deprived of possession by a writ of sequestration, even by a superior court. The proper mode of procedure is by injunction.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
*Hunton & Miller,* for plaintiff. *T. J. & A. G. Semmes,* for defendant and appellant.

MERRICK, C. J. The defendant was the lessor of one *Charles,* a jeweller. The latter contracted with the plaintiff for a large iron safe, which was to be shipped from New York. In the mean time plaintiff agreed to furnish *Charles* with another large safe until the arrival of the safe contracted for. *Charles* being in arrears of the monthly rent, suits were instituted before a Justice of the Peace, and judgments obtained against the tenant, with a privilege upon the property attached. Under these judgments, executions issued, and the safe was seized to satisfy the same.

The plaintiff then instituted the present suit against the defendant *Clarke,* and sequestered the safe, claiming the same as owner.

The Constable intervened in the suit, praying that the possession of the safe should be restored to him.

The judgment of the lower court being in favor of defendant and intervenor, plaintiff appealed.

The proof shows that the safe was placed in defendant's store with plaintiff's consent. It, therefore, became subject to the pledge of the lessor. C. C. 2677 and 3227.

Moreover, the proceeding by sequestration was irregular. The Constable's authority, when he has property under seizure, cannot be treated in this summary manner, and he cannot be deprived of possession by a writ of sequestration, even by a superior court. The custody of the Constable, no less than that of the Sheriff, is the custody of the law. If plaintiff had rights, his remedy was by injunction.

Judgment affirmed.