# W. L. TWINING
## v.
## THE CITY OF ELGIN.

*Municipal Corporations — Licenses — "Itinerant Merchants" — Construction of Statutes.*

1. A person who goes from place to place soliciting orders for the enlargement and framing of pictures, the work to be paid for on delivery if satisfactory, is not an " itinerant merchant or a transient vendor of merchandise " within the meaning of the ordinance of the city of Elgin prohibiting such persons from pursuing their vocation within the city limits without a license.

2. A city has no power to enact an ordinance exceeding its delegated statutory powers by making a definition which would include persons or principles not clearly within the terms of the act granting such power.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. SHERWOOD & JONES, for appellant.

Messrs. H. B. WILLIS and CHARLES H. FISHER, for appellee.

UPTON, J.   This was a suit by appellee against appellant, for violating an ordinance of the city of Elgin prohibiting "itinerant merchants and transient vendors of merchandise," from pursuing their vocation in that city without a license, which ordinance bearing upon the case at bar was as follows, viz. :

"Sec. 1.   Every person who shall sell or offer for sale, barter or exchange, or solicit orders for any goods, wares, merchandise or other article of value, traveling from place to place in, upon or along the streets of this city, shall be deemed an itinerant merchant.

"Sec. 2.   Every itinerant merchant or transient vendor of merchandise, that is, every person who goes from one city or village to another, stopping only a limited period in each for the purpose of selling goods, wares or merchandise, shall be deemed an itinerant merchant.

"Sec. 3.   Every such person shall, before engaging in any way in said business within the city of Elgin, obtain a license as an itinerant merchant under penalty of not less than three dollars or more than twenty-five dollars for each offense; and every day or part of a day, any such person shall engage in said business without a license, shall be deemed a separate offense.

"Sec. 7.   This chapter shall not be construed as to apply to any person or persons coming into the city from the country with teams with any produce for market, or to any person selling vegetables, berries or the produce of their own farms or premises, nor shall commercial travelers employed by wholesale houses, in selling staple articles of merchandise to merchants of this city or to permanent traders doing business in this city be deemed to be within the meaning of this chapter."

Sections 1 and 2 with particularity define the persons and classes to which the ordinance was intended to apply,

and Sec. 3 provides the penalty for each violation thereof.

By stipulation in writing, the facts are agreed: That appellant, as the agent of A. J. Shepard, of Chicago, was going from place to place along the streets in the city of Elgin, soliciting orders for the enlargement of pictures, and providing frames therefor, which were, when so enlarged, to be delivered and paid for on condition that the same were satisfactory to the parties ordering them. That appellant, without license from the city, obtained several orders as such solicitor, for enlarged pictures, on the conditions above stated. The principal for whom appellant was engaged, resided and carries on business in the city of Chicago. It is further stipulated that the city of Elgin was duly incorporated and the ordinance in question duly enacted, and in force at the time complained of. It further appears that appellant was arrested for the foregoing alleged violation of the above recited ordinance, a trial had before a police magistrate of said city, adjudged guilty and a fine of $3 and costs was assessed against him, from which an appeal was taken to the Circuit Court of Kane County, and there heard by the court by agreement of parties; the judgment of the justice court was in effect affirmed with costs, from which last named judgment an appeal was taken to this court and the record is now before us for review.

In this contention it is claimed by the appellee that the purpose of the ordinance in question is two-fold: 1st, for the protection and encouragement of the local traders and merchants resident or doing business in that city; and 2d, for police protection therein. That to that end, the city had power and express legislative authority to license, tax, regu- late, suppress or prohibit " itinerant merchants and transient vendors of merchandise " from the exercise of their vocation in that city, without a license first granted therefor, as pro- vided in the ordinance in evidence, by virtue of the provis- ions of Chap. 25, R. S., article 5, paragraph 41, and Session Laws of 1887, page 117, title, " Itinerant Merchants."

On behalf of the appellant, the contention is: 1st, con- ceding for the argument, the powers of the city as claimed,

still appellant, as shown by the evidence, was not, in a legal sense, within the scope, purpose or meaning of the legislative enactments cited, or within the legal meaning and effect of the ordinance claimed to have been violated.    In other words, that the evidence shows that the appellant was not an " itinerant merchant " or a " transient vendor of merchandise," or in the exercise of that vocation, at the time and in the manner charged, and that the legal effect, construction and meaning of the words, " itinerant merchant," " transient vendor, etc.," as used in the legislative delegation of power to the city, or in the ordinance in question, could not be enlarged or extended by any attempted definition beyond the legal import of the language used.

And, 2d, that the ordinance in question, if in effect and intent as claimed by the appellee, is unreasonable, oppressive and unjust, in restraint of trade, and therefore void, and in effect the Circuit Court on the trial below was asked in writing by the defendant to so hold, as a matter of law, which request was refused, and defendant excepted.

First.    In Emmons v. City of Lewiston, Chicago Legal News, Vol. 22, No. 32, page 274, the Supreme Court declared an ordinance similar to the one in question, void; as in excess of the power of municipalities under article 5, paragraph 41, Chap. 24, R. S., *supra.*  It was there held that a party who was taking orders for books similar in a legal sense, to the case at bar, in which appellant was taking orders for pictures and frames, was held not guilty of any offense, and that an ordinance prohibiting such vocation in cities and villages in this State, without first obtaining a license therefor, was void. It was further held in that case that a canvasser, taking orders for the future delivery of books, periodicals or other publications, was not a hawker or peddler, within the meaning of the statute above quoted, and that the legislative delegation of powers to the municipalities in this State, by virtue of that statute, granted no greater power than was to be implied by the words used, peddlers and hawkers.

Such grant of power is to be construed strictly.    Any fair and reasonable doubt concerning the existence of such power,

is to be resolved against the corporation asserting it, and the power in such case denied. 1 Dillon, Mun. Cor., 55, 251. What then in common acceptation, is meant by the terms "itinerant merchants" and "transient vendors of merchandise?" Are not both embraced in the term "peddlers?" are not "itinerant merchants" persons traveling from place to place in towns and cities, and from town to town and city to city with goods and merchandise for *sale?* Such persons in such occupations are defined to be "peddlers," by Bouvier and Tomlin. Webster defines one pursuing that business, "a traveling trader, who carries small commodities about on his back, or in a cart or wagon and *sells* them." Must it not be said that such persons are not only in a technical but in a legal and popular sense also "itinerant merchants?" In Chicago v. Bartee, 100 Ill. 61, the Supreme Court held that the term "peddler," as used in the statute referred to, in its general and unrestricted sense, embraced "all persons engaged in going through the city from house to house *selling* commodities," in that case, selling and delivering milk. Indeed the word "itinerant" is defined to mean one who goes about from place to place with no settled habitation. The word "transient" as applied to the vending of merchandise is of the same signification. Webster defines the word to mean "to pass away, not stationary or lasting." Indeed the term "peddler," "transient vendor of merchandise and itinerant merchant," means and implies persons who sell and deliver goods, wares or merchandise or who barter or exchange on delivery thereof other commodities therefor. The case at bar lacks every legal element of a sale, barter or exchange of goods or merchandise. There was neither purchaser or seller, consideration paid or agreed upon, or the articles in whole or in part delivered.

If we are correct in the foregoing premises it must follow that appellant was not at the time of the act complained of pursuing the vocation of a "peddler or itinerant merchant" and "transient vendor of merchandise," making sale and delivery of goods contemplated by and within the meaning of the statute above cited; but was pursuing the vocation of

a "drummer," that is, one who solicits trade from retail deal-
ers *or others by sample*, or one whose business is to *canvass
and take orders* for *future delivery* of books or other com-
modities.   Emmons v. City of Lewiston, *supra.*

But it is insisted that by the act approved June 16, 1887,
enacted since the determination of the case last above cited,
the powers of municipalities and city boards have been some-
what enlarged, so as to include persons properly designated as
"drummers," as defined by the Supreme Court above cited.
We do not so think.   We understand that the terms "itin-
erant merchant" and "transient vendor of merchandise," as
used in the act last above referred to, mean and were intended
to apply to those persons who for a short space of time *locate*
in a city and make *sale* and *delivery* of their goods, as other
merchants do, or those who carry or transport their goods
from house to house, or place to place, and *make sale and
delivery* of their goods in like manner as other merchants or
salesmen do.   Village of Cerro Gordo v. S. B. Rawlings, filed
at Springfield, October 21, 1890, not yet reported, in which
case the Supreme Court expressly so held—and in cases in
that opinion cited is the case in Appellate Court, 32 Ill. App.
216, above referred to.

We are clearly of the opinion that the city council had no
power to enact an ordinance exceeding its delegated statutory
powers, by making a definition which would include persons
or principles not clearly within the terms of the act granting
such power.   The trial court therefore, in our judgment, erred
in refusing to hold as requested in these particulars.

Second.   Is the ordinance here in question in terms or effect
void, for the alleged reason that it is unjust, unreasonable or
in restraint of trade, in view of section seven of the ordinance
here in question and the avowed object and intent of its enact-
ment.

In Braceville v. Doherty, 30 Ill. App. 645, we had the ques-
tion here presented before us, and which we then examined
with care.   The conclusions there arrived at are there stated
and fully cover the point here involved, and we at present see
no reason for modification of the views therein expressed.   It
could serve no useful purpose to restate the same here.   The

judgment of the Circuit Court is therefore reversed and the cause remanded for further proceedings not inconsistent with the views above expressed.

*Reversed and remanded.*