## CITY OF WAUKON, Appellant, v. CARL D. FISK, Appellee.

Itinerant merchants: CLASSIFICATION: POLICE POWER. The business
1 of a traveling optician who merely prescribes and collects for eye
glasses, is not that of a merchant, and a city has no authority under
Code, section 700, to classify him by ordinance as an itinerant
merchant.

Traveling optician: LICENSE. A license cannot be exacted from a
2 traveling optician under an ordinance unlawfully classifying him
as an "itinerant merchant," although the same might be imposed
under an appropriate ordinance enacted therefor.

*Appeal from Allamakee District Court.*— HON. L. E. FEL-
LOWS, Judge.

WEDNESDAY, JULY 13, 1904.

THE opinion states the case.— *Affirmed.*

*A. G. Stewart,* for appellant.

*D. J. Murphy* and *J. H. Trewin,* for appellee.

WEAVER, J.— In the mayor's court of the city of Wau-
kon the defendant was found guilty upon an information
charging that in said city upon a day named he " did sell,
procure, prescribe for, and fit spectacles designed to improve
the eyesight of certain persons, contrary "'to the terms of an
ordinance of said municipality. From the judgment assess-
ing a fine against him, the defendant appealed to the district
court, where a verdict was directed in his favor. From this
judgment of the district court the city appeals.

The defendant is a traveling optician. He does not
carry spectacles or eyeglasses for sale, but examines and tests
the eyes of persons applying to him therefor, and writes the
description of the glasses required upon a " prescription

blank," which is mailed to a dealer in Chicago, Ill., who fills the order by grinding and preparing the glasses according to the directions, and sends them direct to the customer. Payment for the glasses, which includes all compensation received for examination of the eyes, is usually collected by the defendant at the time of taking the order; he being charged for the goods upon the books of the Chicago house, and settling the bills monthly. The ordinance under which the prosecution was instituted undertakes to define who shall be considered transient merchants, and to provide that no person coming within such description shall transact business within the city without procuring and paying for a license. A violation of this ordinance subjects the offender to a fine. Sections 4 and 5 of the ordinance contain the provisions considered in the arguments of counsel, and read as follows:

Section 4. Any person who temporarily without the actual intent to establish in this city a permanent lawful business, who engages, prepares for engaging or attempts to engage in selling or offering for sale any goods, wares, confections, drinks, merchandise, medicines, notions or other things of value, in or from any store, shop, building, stand, vehicle, box, booth, stall or place in the city, or who conducts or attempts to conduct any business in whole or part of, by public auction or outcry, within less than one year after engaging in business, or who does not remain in business a sufficient length of time for the city to have his stock and business regularly assessed and taxed, and the taxes paid thereon, or who engages in soliciting or taking retail orders for future delivery of goods, wares and merchandise about the city, except orders for daily delivery from retail stores, shall be considered a transient merchant under this ordinance, excepting only persons taking orders for books, magazines or newspapers, or selling newspapers on the streets and persons selling or officers of the court or the law, duly appointed and qualified according by law so to do. The fact of residence or nonresidence shall not be considered a test as to whom shall be considered a transient merchant.

Section 5. All traveling or itinerant specialists such as dentists, aurists, oculists, opticians and the like who ex-

amine, test, prescribe for, or operate upon, the teeth, ears, eyes, nose or throat or any other organ or portion of the human body, or who shall sell, procure, prescribe for, fit or adjust, any sort of appliances, apparatus or thing, claimed to be designed or intended to cure, improve, aid in operation or otherwise benefit the individual, or the operation or function of any such organs or portions of the individual, shall also be deemed to be " transient merchants " under this ordinance: provided, that any such persons claiming to be mere peddlers and going about and paying license fees as such, and others claiming to be doctors, physicians or surgeons, and paying the proper license fees as such, shall not come under the provisions of this section.

The validity of the ordinance, as applied to the case here presented, is contested by the appellee on three grounds: (1) That the business in which he was engaged is within the pro-

1. ITINERANT MERCHANTS: classification; police power.

tection of the interstate commerce clause of the Constitution of the United States, and it is not within the power of the State or city to burden that business by the exaction of a license; (2) that the ordinance is void by reason of the discrimination in favor of persons taking orders for daily delivery from retail stores; and (3) that his business was not that of a merchant, transient or otherwise, and the city had no power or authority to classify and tax him as such.

The trial court discharged the defendant upon the third ground stated, and we will therefore give it first attention. We regard it very clear that the defendant was not a merchant, in the ordinary, usual, and commonly accepted meaning of that word. As defined by Webster's International Dictionary a merchant is " (1) one who traffics on a large scale, especially with foreign countries; a trafficker; a trader. * * * (3) One who keeps a store or shop for the sale of goods; a shopkeeper." It has also been defined as " one whose business is to buy and sell merchandise; one who buys to sell again, and who does both not incidentally or occasionally, but habitually, as a business." *Jewell v. Board,* 113

Iowa, 49.   The mere statement of these definitions is so clear a demonstration that defendant is in no just sense a merchant, in the ordinary sense of the word, that argument and illustration are superfluous.   He keeps no store or shop or place of business.   He neither keeps nor carries nor delivers merchandise.   So far as appears from the record, the title to the eyeglasses furnished his customers or patients is never in him, but passes directly from the Chicago house to the purchaser.   True, the goods are charged to his account, and he makes monthly settlements for the orders sent in by him, and presumably retains an agreed margin of profits or commissions, but this falls far short of constituting him a merchant. A surgeon specialist who treats deformities of the body by the use of straps and braces made according to his measurements would not be classed as a merchant simply because he habitually supplies his patients with the necessary apparatus by orders upon the manufacturer, and receives or collects payment therefor.   Neither would we so class a physician who receives a commission upon prescriptions filled by a pharmacist.   The defendant's business may not rank professionally with that of a surgeon or physician, but his business bears a close relation to theirs, in that he assumes to diagnose, and, to a certain extent, remedy, a physical defect.   His skill and experience in this respect constitute his capital and his " stock in trade," and the fact that he finds his compensation in a profit or commission upon the apparatus by which he aids defective sight does not make him a merchant.

Assuming, then, that defendant is not a merchant, in the ordinary acceptance of the term, can the city, by ordinance, bring him within that definition?   The statute (Code, section 700) gives to cities "power to   *   *   *   define by ordinance who shall be considered transient merchants; to regulate license and tax their sales;   *   *   *   to regulate, license and tax peddlers,   *   *   *   itinerant doctors," etc. Under this provision, the appellant insists that, even if the appellee would not have been chargeable as a merchant in the

absence of legislation on the subject, yet the city council had the power by ordinance to so classify him, and, in the character thus imposed, subject him to the payment of a license fee. If it be within the power of the Legislature to clothe cities with authority to ingraft new, strange, and arbitrary meanings upon words whose definitions have been settled by approved usage for centuries — a thing we do not decide — it is at least our privilege, and we think our duty, to insist that the intention to exercise such high prerogative shall be manifested in clear and unmistakable language. Such intent we do not find in the provision conferring power "to define by ordinance who shall be considered transient merchants." This, we think, must be held to mean no more than power to define what merchants shall be designated or classed as transient. The word "merchant," while somewhat general, is neither vague nor uncertain, and no trouble or embarrassment could well be experienced in determining whether any given person is or is not of that class or calling; but "transient" is a relative term, which, in the absence of an inflexible statutory or legislative definition, may be the source of much vexation and uncertainty. The abuse sought to be avoided by this statute is undoubtedly the practice of that class of dealers who, with large or small stocks of goods, establish themselves for a few days, weeks, or months in a place, and then move on into other fields, staying nowhere long enough to have acquired a permanent residence, and, while claiming the benefit and protection of the laws of the State, contribute nothing to the local or general public revenue. An examination of the cases relating to the taxing or licensing of transient merchants prior to the enactment of this particular clause in the present Code will show that no difficulty had been experienced for want of precision in the word "merchant," and in no instance was the term sought to be applied to those not engaged in retailing stocks of goods. The manifest need has not been of power to define and determine who are "merchants," but power to dif-

ferentiate between merchants, in respect to the permanent or temporary establishment of their business within the city, and prevent evasion of the ordinances by mere pretense of permanence.

It is said, however, that this view is not in harmony with our holding in the late case of *Cedar Falls v. Gentzler,* 123 Iowa, 670. Reference to that opinion will show that the defendant's liability was not based on the ordinance definition of the word "merchant." On the contrary, it was there argued and held that he was a merchant, under the general and proper definition of the word, independent of the ordinance. The defendant in that case was engaged in the business of soliciting orders for groceries, and thereafter making delivery of the goods. He sent the orders to a wholesale house, accompanied by payment for the aggregate cost at wholesale rates, whereupon the goods were shipped to his address, and he distributed them to his customers, collecting the agreed retail price. He was dealing solely upon his own account, buying in quantities at wholesale, and selling in smaller quantities at retail — precisely what every other grocer in the city was doing; his method of business varying from theirs only in that, instead of keeping a stock on hand, from which to fill the orders of his customers, he first secured his orders, and then purchased the necessary stock to fill them. The case is not parallel in fact or principle with the one we are now considering.

Appellant next contends that the information does not charge the defendant as a merchant, but alleges simply that he " did sell, procure, prescribe for, and fit spectacles," contrary to Ordinance No. 34, and it is therefore immaterial to inquire whether the city has power to classify him as a merchant. To this it may be said that the statute does not in express terms, or by necessary implication, give cities the power to exact a license for opticians who " examine, test, prescribe for, * * *. fit, or adjust spectacles," and the lack of

2. TRAVELING OPTICIAN: license.

power to license such persons is not to be supplied by stretching the meaning of words descriptive of other avocations in order to include them. *Cherokee v. Perkins*, 118 Iowa, 405; *State v. Smith*, 31 Iowa, 493. Furthermore, both sections 4 and 5 of the ordinance, for violating which the defendant was convicted in the mayor's court, show an unmistakable attempt by the city council to exercise its statutory power to impose a license fee upon transient merchants, and, so far as the persons therein described can fairly and reasonably be classified as merchants, no reason appears in this case why the enactment is not valid and enforceable. So far, however, as it seeks to embrace persons who can be called merchants only by clear and palpable disregard of the ordinary and approved usages of the language, it must be held invalid. Nor is such invalidity cured or its effect avoided by the fact, if it be a fact, that the persons who are not merchants, and are sought to be included in the ordinance, may possibly be subjected to a license in their proper classification by an appropriate ordinance enacted therefor. The defendant is charged with a violation of a particular ordinance which undertakes to impose a license upon transient merchants, and if he is not a merchant, then he is not liable to the penalties provided.

Whether the ordinance, if otherwise valid, is unenforceable against the defendant because of the interstate commerce provision of the federal Constitution is an important question, upon which the decisions of the courts are by no means clear or harmonious; and, as we find the judgment below may be affirmed on other grounds, we do not undertake to rule upon it.

The conclusion reached by the learned trial court upon the lack of power in the city to tax the defendant as a merchant accords with our views, and the order withdrawing the case from the jury and ordering the discharge of the appellee is AFFIRMED.