BRUNOT, J.
 

 The defendant was a deal: er in new and second-hand automobile's. Its business was conducted in premises held under a lease from the plaintiff. Defendant defaulted in the payment of three months’ rent. Plaintiff sued therefor, and provisionally seized a second-hand automobile truck and other property found on the leased premises. Dennis J. Haydél & Co., the owner of the truck, appeared in the suit as.intervener and third opponent, alleging that the truck
 
 *125
 
 was left on the premises of defendant to be sold for intervener’s account, and therefore it was only transiently or accidentally on the leased premises within the meaning and intent of article 2708, R. O. O.
 

 Plaintiff excepted to the petition of intervention and third opposition as not disclosing a cause of action, and, after a hearing theréon, the exception was referred to the merits. Plaintiff answered intervener’s petition, asserted a lessor’s lien and privilege on the truck, and prayed for the dismissal of the intervention. Defendant answered both plaintiff’s and intervener's petitions. It denied all of the allegations in the former and admitted all of the allegations in the latter. The ease was heard, and, during the trial, intervener offered testimony to establish the relation of subtenant.' Plaintiff objected to the testimony as being ultra petitionem and not admissible. The objection was referred to the merits. Judgment was rendered, as between plaintiff and defendant, in favor of the plaintiff and. against the defendant, as prayed for in the petition and, as between plaintiff and intervener, in favor of intervener and against plaintiff, as prayed for in intervener’s petition, except as to the reservation of intervener’s right to sue the plaintiff for damages.
 

 The Court of Appeal amended the judgment of the district court by rejecting inter-, vener’s demands and dismissing the intervention at intervener’s cost. A rehearing was denied, and intervener applied to this court for certiorari or writ of review. The writ issued, and the case is now before us.
 

 The Court of Appeal did not pass upon plaintiff’s objection to testimony offered in the trial court to prove an agreement for the payment, by intervener, of a fixed monthly rental for storage of the truck. We must assume that the objection was not considered because the testimony offered to establish that fact was reviewed by both courts and was found to be unsatisfactory. We have reached . a ■ similar conclusion, and, as this finding disposes of the attempted enlargement of the pleadings, no more need be said.
 

 The errors assigned are as follows:
 

 First. In holding that the case at bar is controlled by the decision in Goodrich v. Bodley, 35 La. Ann. 525.
 

 Second. Failure of the court to hold that article 2708, R. C. C., is illustrative and not exclusive, and that an automobile lodged in the store of an automobile dealer-is analogous to the example given in the article of effects lodged in the store of an auctioneer to be sold.
 

 Third. Failure of the court to differentiate between the facts found in the Goodrich v. Bodley Case and the facts found in the instant case.
 

 The controlling facts of this case are that defendant deals in new and second-hand automobiles. Intervener sent its automobile truck to defendant’s garage to be sold. Intervener fixed $1,700 as the price it was to receive for the truck, and stipulated that any sum in excess of that amount which defendant might obtain for the truck should be retained by it as commission for making the sale. Intervener also reserved the right to withdraw the truck in the event it found a purchaser and consummated the sale itself.
 

 Intervener relies upon article 2708, Revised Civil Code. The article is as follows:
 

 “Movables-are not subject to this right, when they are only transiently or accidentally in the house, store, or shop, such as the baggage of a traveller in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold.”
 

 There is no pretense that intervener’s truck was accidentally in the leased premises. The contention is that it was transiently there within the meaning and intent of the foregoing article of the Civil Code.
 

 We will say here that a search of the authorities has failed to disclose a case wherein it is held that goods, placed by the owner,
 
 *127
 
 in tlie store of a general dealer for sale at a fixed price for the account of the owner, are transiently in the premises of such dealer.
 

 It has been held that “transient,” as an adjective, means passing across, a$ from one thing or' person to another; passing with time of short duration; not permanent; not lasting. As a noun, one who or that which is temporary. Com. v. Townley 7 Pa. Dist. R. 413, 416; Twining v. Elgin, 38 Ill. App. 356, 360. In defining the word “transient,” Mr. Webster gives the following as synonyms: “Transitory, fugitive, fleeting, momentary.” In Waukon v. Fisk, 124 Iowa, 464, 468, 100 N. W. 475, 477, the court say: It “is a relative term, which, in the absence of an inflexible statutory or legislative definition may be the source of much vexation and uncertainty.”
 

 There is no statutory or legislative definition of the term in this state, but the general rule here is that, if a third person is not an undertenant, and his goods are placed, with his consent, on leased premises, they become subject to the pledge of the lessor. Bailey v. Quick, 28 La. Ann. 432; University Publishing Co. v. Piffet, 34 La. Ann. 602.
 

 The only exceptions to the foregoing rule, which the courts of this state have recognized, are such as come strictly within the letter of article 2708, R. C. C.
 

 Intervener relies upon the case of Coleman v. Fairbanks, 28 La. Ann. 93. In that case the court found, as a fact, that sugar and molasses had been sent to a manufacturer to be made up or manufactured for the owner, and, as that finding of fact brought the case within the letter of article 2708, the seizure of the property was set aside.
 

 It therefore seems that this court has heretofore held to the view that article 2708, R. C. C., is exclusive rather than inclusive.
 

 Special facts, like those in Underwood Typewriter Co. v. Vatter, 14 Ct. App. 410, when presented, may warrant this court in modifying its views to some extent, but this case does not present any special facts or unusual features which remove it from the operation of the general rule.
 

 In Goodrich v. Bodley, 35 La. Ann. 525, it appears that the facts there found are not strictly analogous to the facts of this case, but the law of the Goodrich-Bodley Case has equal application to the facts here presented, and we are of the opinion that the decision in Goodrich v. Bodley is controlling and should be followed.
 

 The Court of Appeal reached the same conclusion. Its judgment is correct, and therefore the judgment is affirmed.
 

 ROGERS, J., recused.