No. 3031

Second Circuit

TEX-LA REALTY CO., INC., v. EARNEST
(FEDERAL SECURITIES CO., INC.),
Intervener

(November 18, 1929. Opinion and Decree.)

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

T. Overton Brooks, of Shreveport, attorney for intervener, appellant.

WEBB, J. Plaintiff, The Tex-La Realty Company, Inc., a corporation domiciled in Caddo parish, La., leased to L. L. Earnest certain premises situated in Caddo parish, and the lessee failing to pay the rent when due, plaintiff instituted suit against him for the rent due, and obtained the issuance of a writ of provisional seizure, under which the furniture and effects in the dwelling house and a Ford automobile in a garage or outhouse on the leased premises were seized, and the plaintiff asserted a lessor's privilege and pledge on all the property seized to secure the payment of the rent.

The Federal Securities Company, Inc., a corporation domiciled in the parish of Caddo, intervened in the suit, alleging that the automobile belonged to Jerry Lewis, a resident of Madison parish, La., who had purchased it from a dealer in that parish, giving a note in part payment of the pur-

chase price, the payment of which was secured by vendor's lien and chattel mortgage on the automobile, which had been duly recorded in Madison parish, where the automobile was located, and that the note had been acquired by the intervener in due course, and that there was a balance due on the note, and prayed that the automobile be released from seizure and delivered to it, and in the alternative for judgment recognizing it to have a superior privilege on the automobile.

On trial judgment was rendered in favor of plaintiff, recognizing its asserted privilege against the property seized, including the automobile, and rejecting intervener's demands, and intervener appeals.

The law grants to the lessor a privilege on all movable property found on the leased premises, including the movables owned by third persons which are on the leased premises with the consent of their owners, where it is not shown that the property was only transiently on the premises. (Articles 2705, 2706, 2707, 2708, Civil Code.)

Conceding that the automobile was the property of Jerry Lewis, the debtor of intervener rather than that of the lessor (as to which the evidence is conflicting), it is not shown that the property was not on the premises with the consent of its owner, and the only questions urged here are, whether or not the evidence established that the automobile was only transiently on the leased premises, and, if not, whether the rights of the intervener under the chattel mortgage, which was not recorded in the parish of Caddo, were affected by the seizure.

Intervener carried the burden of proof to establish that the automobile was only transiently on the leased premises (Sanchez vs. Hertzfeld, 4 La. App. 576), and

while it was shown that it was only temporarily on the premises, or until such time as necessary funds could be procured to obtain a license so that the car could be driven on the highways, it was not shown that there was any agreement that any storage charges would be paid.

It cannot be said that the automobile was on the leased premises under a sublease, and we do not think that it can be said to have been transiently on the premises under the provisions of article 2708 of the Civil Code.

The article referred to in substance provides that, the movables of a third person, when they are only transiently or accidentally in the leased house, store or shop, such as the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold, are not subject to the lessor's right of pledge·

it is not suggested that the automobile was placed in the garage by a guest of the lessee, or that it had been left on the premises to be repaired, or that the lessee was an auctioneer and that it had been lodged in the garage to be sold.

Many decisions are cited in which the Supreme Court has considered the provisions of the statute quoted, but it has not been held in any of the cases cited that the movables found on the leased premises were transiently thereon unless the facts established clearly placed the property in a class analogous to one of the three classes stated, that is, "the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, or effects lodged in the store of an auctioneer to be sold."

In Loque vs. Motor Co., 157 La. 124, 102 So. 91, 93, the court, after reviewing many decisions in the provisions of article 2708

of the Civil Code, said: "It therefore seems that this court has heretofore held to the view that article 2708, R. C. C., is exclusive rather than inclusive," but stated that special facts, such as presented in Underwood Typewriter Co. vs. Vatter, 14 Orl. App. 410, may warrant the court to modify its views.

The facts as presented in that case are not analogous to those presented here, and the fact that the property of the third person may have been temporarily in the house, shop or store does not show that it was only transiently on the premises (Twitty vs. Clarke, 14 La. Ann. 503), and confining our opinion solely to the contention that the property was only transiently on the leased premises, we find that the evidence failed to establish the contention.

There is not any authority cited in support of the contention that the rights of the intervener under the chattel mortgage were not affected, but it is urged that the mortgage having been recorded in the parish where the owner resided and where the property was located, and the evidence not showing that it had been removed from that parish with the consent of the intervener, it should be held that the lessor had notice of the privilege and rights of the intervener under the mortgage.

The property became affected by the lessor's right of pledge in the parish of Caddo, where the mortgage was not recorded, and we do not think that the lessor can be held to have had notice that the property was mortgaged (Wilson vs. Lowrie, 156 La. 1062, 101 So. 549; Gulf Finance Co. vs. Taylor, 160 La. 946, 107 So. 705), and it is not suggested that if the lessor did have notice that the movable was brought or placed on the leased premises by the lessee without the consent of its owner, the lessor's right of pledge would not affect such movable, or would be subordinate to the vendor's privilege or lien of the chattel mortgage, and we have not been able to find any ruling in this state to that effect.

The judgment is affirmed.