**ALPHONSE BRENNER CO., Inc., v. FRUMER et al.**

No. 4558.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

Cook & Cook and C. D. Egan, all of Shreveport, for appellant.

Irion & Switzer and H. F. Turner, all of Shreveport, for appellees.

DREW, Judge.

Plaintiff alleged that it was the owner of one freezing coil and one condensing unit made for use in connection with refrigerators; that on May 14, 1930, it rented said articles to A. C. Campbell, who placed same in a building he was occupying as a lessee of defendant herein, where they remained until November 23, 1932, when they passed into the possession of defendant in the following manner:

That defendant obtained a judgment against A. C. Campbell, and, under a writ of fieri facias, seized certain property belonging to A. C. Campbell, among which was an article described as "one electric Seeger refrigerator" and other articles described as "all other contents of building located at 1869 Texas Avenue, Shreveport, Louisiana"; that the seized articles contained among them the freezing coil and condensing unit belonging to petitioner and transiently in the possession of A. C. Campbell, under a rent contract; that the property was advertised for sale and petitioner informed defendant and the sheriff that it was the owner of this particular property, and filed an affidavit of ownership; and that, despite his protests, the seized articles were sold, and purchased by defendant, to whom they were delivered.

Plaintiff, in answer to prayer for oyer, filed the contract between plaintiff and A. C. Campbell wherein plaintiff leased to Campbell one condensing unit and one coil for a term of one year, beginning June 1, 1930. By supplemental petition, it alleged that at the expiration of the lease on June 1, 1931, by agreement it was continued from month to month, at the same rental price of $10 per month.

It prayed for judgment decreeing it to be the owner of the freezing unit and coil, and ordering both returned to petitioner; and, in the alternative, for judgment in its favor and against defendant in the sum of $352, the value of the unit and coil.

Defendant filed an exception of no cause and no right of action, and the lower court sustained the exception of no cause or right of action, and dismissed plaintiff's suit.

Defendant has filed in this court a motion to dismiss the appeal, alleging the record to be incomplete, in that it does not contain the record in suit No. 60375 on the docket of the lower court, which was made a part of plaintiff's petition by reference, being the suit in which defendant secured judgment against A. C. Campbell, and under which judgment the fieri facias was issued and the property seized and sold. The record does not disclose, nor is it contended, that suit No. 60375 was filed below, and, if not, it could not have been made a part of this record. The record is before us just as it was before the lower court. A petition may be composed in part of documents annexed to it and alleged to be made part of it. Recitals contained in documents incorporated into a petition in that manner are considered as made in the petition. But this can be true only when the documents are actually made part of or incorporated into the petition, and are not thus incorporated when they are merely referred to; or, as the petition in this case expresses it, are merely "made part hereof by reference." Nothing is stated upon which the court can act, and their contents are not communicated to the court nor to the adversary. Tremont Lumber Company v. May, 143 La. 389, 78 So. 650.

The motion to dismiss is overruled.

Although the suit, No. 60375 on the docket of the lower court, entitled Isie Frumer v. A. C. Campbell, is not attached nor filed in evidence on trial of the exceptions below, it is admitted in argument and briefs of both appellee and appellant that it was a suit wherein Frumer recovered judgment for rent of his building on Texas avenue in the city of Shreveport, which was occupied by Campbell as lessee, and that the property in controversy was seized in the building under that judgment recognizing Frumer's lessor's lien and privilege for rent. The freezing unit and coil is alleged to be the property of plaintiff, and was in the building under a contract of lease between the lessee, Campbell, and plaintiff. Plaintiff contends the property was only transiently in the building, and a determination of this contention will be decisive of the case.

Article 2707 of the Revised Civil Code provides that the right of pledge in favor of lessor affects, not only the movables of the lessee and underlessee, but also those belonging to third persons when their goods are contained in the house or store, by their own consent, express or implied; and article 2708, Revised Civil Code, provides that movables are not subject to this right when they are only transiently in the house, store, or shop, such as the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold. The property herein involved was in the store by the consent of plaintiff, who, by written act, leased it to be used in this very building. It cannot come under any of the exceptions provided in article 2708, unless it is held to be transiently in the store. It had been in this store for nearly two and one-half years.

The case of Tex-La Realty Company, Inc., v. Earnest, 11 La. App. 617, 124 So. 558, is we think decisive of this case. In that case, the court, in discussing the articles of the Civil Code, 2705, 2706, 2707, and 2708, said:

"The law grants to the lessor a privilege on all movable property found on the leased premises, including the movables owned by third persons, which are on the leased premises with the consent of their owners, where it is not shown that the property was only transiently on the premises. * * *

"Conceding that the automobile was the property of Jerry Lewis, the debtor of intervener, rather than that of the lessor (as to which the evidence is conflicting), it is not shown that the property was not on the premises with the consent of its owner, and the only questions urged here are whether or not the evidence established that the automobile was only transiently on the leased premises; and, if not, whether the rights of the intervener under the chattel mortgage, which was not recorded in the parish of Caddo, were affected by the seizure.

"Intervener carried the burden of proof to establish that the automobile was only transiently on the leased premises (Sanchez v. Herzfeld, 4 La. App. 576), and while it was shown that it was only temporarily on the premises, or until such time as necessary funds could be procured to obtain a license, so that the car could be driven on the highways, it was not shown that there was any agreement that any storage charges would be paid.

"It cannot be said that the automobile was on the leased premises under a sublease, and we do not think that it can be said to have been transiently on the premises under the provisions of article 2708 of the Civil Code.

"The article referred to in substance provides that the movables of a third person, when they are only transiently or accidentally in the leased house, store, or shop, such as the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold, are not subject to the lessor's right of pledge; and it is not suggested that the automobile was placed in the garage by a guest of the lessee, or that it had been left on the premises to be repaired, or

that the lessee was an auctioneer, and that it had been lodged in the garage to be sold.

"Many decisions are cited in which the Supreme Court has considered the provisions of the statute quoted, but it has not been held in any of the cases cited that the movables found on the leased premises were transiently thereon, unless the facts established clearly placed the property in a class analogous to one of the three classes stated; that is, 'the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, or effects lodged in the store of an auctioneer to be sold.'

"In Loque v. Motor Co., 157 La. 124, 102 So. 91, 93, the court, after reviewing many decisions in which the provisions of article 2708 of the Civil Code were considered, said, 'It therefore seems that this court has heretofore held to the view that article 2708, R. C. C., is exclusive rather than inclusive,' but stated that special facts, such as presented in Underwood Typewriter Co. v. Vatter, 14 Orl. App. 410, may warrant the court to modify its views.

"The facts as presented in that case are not analogous to those presented here, and the fact that the property of the third person may have been temporarily in the house, shop, or store does not show that it was only transiently on the premises (Twitty v. Clarke, 14 La. Ann. 503), and, confining our opinion solely to the contention that the property was only transiently on the leased premises, we find that the evidence failed to establish the contention."

If there had been an agreement for storage charge in the above case, it would have been on the premises under a sublease. If the owner had been a guest, his car would have been there transiently. The fact that it was not to be there permanently was not sufficient. As in Twitty v. Clarke, 14 La. Ann. 503, where a safe was loaned to a jeweler by the dealer in safes until one he had sold could be delivered, the court held the loaned safe was not transiently on the premises and was subject to seizure for rent.

■ We therefore conclude that the freezing unit and coil owned by plaintiff were not transiently on the leased premises and were subject to seizure and sale to satisfy the rent due the lessor.

■ Plaintiff contends that the true test is, who had the right to dispose of the property. We cannot agree with this view. To do so would be to hold that the property of a third person, who had not authorized the lessee to dispose of his property, could never be seized and sold for rent, and would be in direct conflict with the codal provisions.

The judgment of the lower court is correct, and is affirmed, with costs.