## TURNER v. RATCLIFF (RATCLIFF, Intervener).

### No. 4712.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Watkins & Watkins, of Minden, for appellant.

Drew & Richardson, of Minden, for appellee.

MILLS, Judge.

In plaintiff's suit against J. T. Ratcliff for rent, the Ford coupé belonging to defendant's son, O. L. Ratcliff, was provisionally seized in a garage on the leased premises. The filing with the sheriff of an affidavit of ownership failing to effect its release, the son bonded the car and intervened, claiming ownership and that it was transiently on the premises. He asks for attorney's fees in the amount of $75 and for $150 damages. There was judgment in his favor in the lower court declaring the car not subject to the lessor's lien and awarding him $50 as attorney's fees and damages in the sum of $25. From this judgment plaintiff has appealed.

The facts are that O. L. Ratcliff, after graduation from school in 1928, went to work for the Columbia Gas Corporation, of Monroe, and established in that city his domicile and residence. After the termination of this employment in April, 1932, the young man worked irregularly as a salesman on a commission basis until, on September 15, he obtained regular employment with the United States Engineers. During this interval he rented a room in Monroe, kept his clothes and effects there, and spent more than three-fourths of his time in that city. His work taking him back and forth between Monroe and Shreveport, he frequently stopped overnight at the home of his parents in Minden, putting his car in the family garage and sleeping in the room with his brothers. During the period of irregular employment, he was at his father's place not more than six days a month. He paid no board and kept no clothes or personal effects there. Returning from Shreveport to Monroe on September 6, he stopped at the parental home, intending to stay that night and to continue his journey the next day, when his car was seized.

Our Civil Code gives to the lessor for the payment of his rent a right of pledge on the property of third persons on the leased premises by their consent. Article 2708 provides: "Movables are not subject to this right, when they are only transiently or accidentally in the house, store, or shop, such as the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold."

The burden is on the intervener to show that his movables found on the leased premises were there only transiently. Tex-La Realty Co. v. Earnest, 11 La. App. 617, 124 So. 558.

We think this burden has been discharged and that intervener has established by a clear preponderance of the evidence that he was a visitor in Minden, the guest of his father, and was therefore in the same class as a traveler in an inn. Therefore, under the provisions of the Civil Code, his car was only transiently on the premises and not subject to the lessor's lien. Alphonse Brenner Co. v. Frumer (La. App.) 149 So. 238; Tex-La Realty Co. v. Earnest, supra; Loque v. Baptist-Golding Motor Co., 157 La. 124, 102 So. 91.

The many decisions involving merchandise placed in a store are only in point in so far as they define the word "transiently."

Where property belonging to a third person is illegally seized and the owner is compelled to go into court to effect its release, he is entitled to counsel fees and actual damages. Soniat v. Whitmer, 141 La. 235, 74 So. 916; Alfano v. Franek, 159 La. 498, 105 So. 598; Bailey v. Williams, 158 La. 432, 104 So. 197; Chatman v. Wren & Turner, 11 La. App. 224, 123 So. 483.

We cannot find that the trial judge abused his discretion in refusing a new trial in this case. The attorney's fees and damages allowed by the lower court are reasonable.

The judgment appealed from is therefore affirmed.

DREW, J., recused.