TILLY v. WOODHAM (ETHRIDGE–ATKINS CORPORATION, Intervener).*

No. 5124.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

J. L. Wiener, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff sued defendant for past-due rent on an apartment in the city of Shreveport and provisionally seized one Dodge coupé, then on the leased premises, the property of intervener, Ethridge-Atkins Corporation. The intervener contends that the coupé, notwithstanding its presence on the leased premises when seized, was not subject to the lessor's privilege for unpaid rent, as it was only transiently or accidentally thereon, within the purview of article 2708 of the Civil Code. This contention is controverted by plaintiff.

The lower court sustained plaintiff's position and rendered judgment ordering the coupé sold to pay rent due by defendant. Intervener devolutively appealed.

Intervener did not sue out an injunction to prevent the sale of its car, nor did it secure an order requiring the sale price thereof to be held in the marshal's hands until the issue in the case could be decided. It simply prayed to be recognized as owner of the coupé and that it be ordered released to it, and for $100 attorney's fees incurred in securing said release. This appeal was taken after sale of the car by the marshal under the judgment against defendant.

Plaintiff moves to dismiss the appeal for the reason that as it is only devolutive in character, and the coupé having been sold by the marshal to a third person, not a party to the suit, the whole matter is now moot. This position is not well taken. It is true that a devolutive appeal does not suspend execution of judgment, and that a sale of property made thereunder, even though thereafter the judgment is reversed on appeal, is unaffected thereby, yet it does not follow that the appellant's right to claim the proceeds of sale from the executing creditor is destroyed. To so hold would be tantamount to saying that under such circumstances the appellant, though winning his case on appeal, takes nothing thereby. The effect would be to allow the one to enrich himself at the expense of the other. This the law never

intended to happen. Jefferson et ux. v. Gamm et al., 150 La. 372, 376, 90 So. 682.

The motion to dismiss is overruled.

On the merits, the facts of the case are brief and not seriously disputed. The coupé in question was secondhand. Intervener is engaged in purchasing and selling motor vehicles and acquired the coupé as a "trade-in" on the sale price of a new car. The evening the coupé was seized, defendant, intervener's salesman, demonstrated it to a prospective purchaser and then drove it into a garage on the leased premises, where it remained while he engaged in eating supper. He states positively it was his intention to drive the car back to intervener's headquarters in the city of Shreveport that evening, but the seizure prevented him from doing so. It was driven there the next morning. It had only been on the leased premises a brief time. It had not been there prior to this time.

It is conceded that a proper determination of the issue in the case turns upon an interpretation of article 2708 of the Civil Code, which reads as follows:

"*Movables transiently or accidentally on premises excepted.*—Movables are not subject to this right, when they are only transiently or accidentally in the house, store, or shop, such as the baggage of a traveler in an inn, merchandise sent to a workman to be made up or repaired, and effects lodged in the store of an auctioneer to be sold."

■ The coupé was not accidentally on the leased premises. The question is, Was it transiently thereon? If so, then it was not subject to the lessor's privilege under which it was seized. The burden of establishing this defense rests upon intervener. Tex-La Realty Company v. Earnest, 11 La. App. 617, 124 So. 558.

■ We think this burden has been discharged. The undisputed testimony is to the effect that the car had not been stored or parked on the leased premises prior to the time it was seized, and that its presence there at that time was due entirely to the fact that defendant, after trying, but failing to sell it to his prospective purchaser, stopped by to eat supper. Under such circumstances, the coupé's relation to the leased premises was the antithesis of permanency, within the meaning of the quoted article. It was transiently thereon, and not subject to the lessor's privilege. Turner v. Ratcliff (La. App.) 152 So. 379; Loque v. Baptist-Golding Motor Company, 157 La. 124, 127, 102 So. 91, 92.

In this latter case the court remarked:

"It has been held that 'transient,' as an adjective, means passing across, as from one thing or person to another; passing with time of short duration; not permanent; not lasting. As a noun, one who or that which is temporary. Com. v. Townley, 7 Pa. Dist. R. 413, 416; Twining v. City of Elgin, 38 Ill. App. 356, 360. In defining the word 'transient,' Mr. Webster gives the following as synonyms: 'Transitory, fugitive, fleeting, momentary.'

"In City of Waukon v. Fisk, 124 Iowa, 464, 468, 100 N. W. 475, 477, the court say: It 'is a relative term, which, in the absence of an inflexible statutory or legislative definition may be the source of much vexation and uncertainty.' "

These enlightening definitions of the meaning of the word "transient" find apt application in the present case.

■ We might add that any law that makes it possible to subject the property of one person to liability for the obligations of another should be strictly construed. Nothing should be left to inference.

■ Intervener is entitled to recover counsel fee as an element of damage. A reasonable fee for services rendered by such counsel, the testimony discloses, is $50. Turner v. Ratcliff, supra.

■ For the reasons assigned, the judgment appealed from, in so far as it sustains the provisional seizure of intervener's coupé for rent due plaintiff, is annulled, reversed, and set aside; and there is now judgment in intervener's favor decreeing said seizure to have been illegal and tortious, and the right is hereby reserved to it to sue for the proceeds of the sale by the marshal.

It is further ordered, adjudged, and decreed that intervener, Ethridge-Atkins Corporation, do have and recover judgment against plaintiff, R. D. Tilly, in the sum of $50; and for all costs of suit. The judgment appealed from, except in so far as reversed or amended hereby, is affirmed.