**10 So.2d 701**

**BOONE v. BROWN et al. (COMEAUX, Intervenor).**

**No. 36754.**

Nov. 4, 1942.

Wood & Wood, of Leesville, for relator.

William C. Boone, of Leesville, and Jake Brown, in pro. per., for respondents.

McCALEB, Justice.

E. D. Boone, the owner of a small lot of vacant land situated in Vernon Parish which he had leased to the defendant, Jake

Brown, obtained a writ of provisional seizure from the Eleventh Judicial District Court for the Parish of Vernon. There was seized, under said writ, a certain automobile trailer which is owned by A. J. Comeaux, the relator herein. Comeaux intervened in the proceedings and, claiming that the trailer was not subject to the lessor's lien, prayed that it be released from the seizure.

Thereafter the case was submitted to the District Judge upon an agreed statement of facts, in which it was stipulated by all parties to the litigation that the trailer was owned by Comeaux (a third person to the rent contract); that it was seized upon the vacant plot of ground leased by Boone to Brown and that Brown had previously rented the trailer from Comeaux and placed it upon the land. Comeaux contended that, under these circumstances, the trailer was not subject to the right of pledge granted to the lessor for the payment of the rent because, under the provisions of Article 2707 of the Civil Code, this right of pledge, insofar as it affects movables belonging to third persons found on the leased premises, is limited to those mova bles which are contained in a house or store situated thereon. The District Judge rejected Comeaux's contention and maintained the seizure. Comeaux thereafter applied to this Court for a writ of certiorari. The writ was granted and the case has been submitted to us for decision.

The sole question presented for determination is whether the lessor has, for the payment of his rent, a right of pledge on movable property belonging to a third person which is found on the leased land but which is not contained within a house or store upon the premises.

Article 2705 of the Civil Code gives to the lessor of real estate a right of pledge on movable effects found on the leased premises. Article 2706 extends this right of pledge to the effects belonging to a sublessee, found on the leased premises, but restricts the liability of the sub-lessee to the extent to which the latter is indebted to the principal lessee at the time when the lessor exerts his right of pledge. Article 2707 provides as follows:

"This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, *when their goods are contained in the house or store,* by their own consent, express or implied." (Italics ours.)

We think that the above quoted provisions of Article 2707 clearly exhibit that the judge of the District Court committed error in maintaining the seizure of the trailer belonging to Comeaux since it was located upon vacant land and was not contained in a house or store situated on the leased premises. It is the well-settled law of this State that liens or privileges are held stricti juris. See Burn Planting Co. v. Goldman Landing Co., 163 La. 720, 112 So. 662, 664. This rule is particularly applicable to cases where a creditor claims a lien on property belonging to one who is not the debtor or liable for the obligation.

In Burn Planting Co. v. Goldman Landing Co., supra, this Court had occasion to consider a state of facts quite similar to those appearing in the instant matter.

There, the plaintiff rented to the defendant a right of way fifty feet wide for the term of thirteen years at $700 per year. The defendant thereafter leased from the Missouri Pacific Railroad Company, for a stipulated rental, certain steel rails, angle bars, etc., and constructed a spur track on the right of way leased by plaintiff. Upon the default of the defendant in the payment of its rent, the plaintiff obtained a writ of provisional seizure and had the sheriff seize the rails, angle bars, etc., which belonged to the Missouri Pacific Railroad Company. The railroad company intervened and sought to have the seizure released, claiming that, since its rails and angle bars were not situated within a house or store on the leased premises as provided by Article 2707 of the Code, its property was not subject to the lessor's lien and privilege. In upholding this contention, the Court said:

"It is true that the railroad equipment involved in this case was not removed from the leased right of way, but the more important fact is that the railroad equipment, belonging to a third party, was not of the character of 'goods contained in a house or store.' It is too plain to admit of argument that articles 2705 and 2707 of the Code do not give the lessor a lien or privilege on movable effects belonging to a third person unless they are contained in a leased house or store."

The trial judge, in his return, while recognizing the force of the holding in the Burn Planting Company case, attempts to differentiate that matter from the case at bar on the ground that that decision should not be applied to automobiles and trailers found on leased premises and he cites three cases from the Court of Appeal, Second Circuit, in support of his view.

An examination of the cases relied upon by the Judge discloses that they do not bear out his conclusion. In Tex-La Realty Co. v. Earnest, 11 La.App. 617, 124 So. 558, the automobile of a third person was seized in a garage or outhouse on the leased premises. Hence Article 2707 of the Code was applicable. The main question presented in that matter was whether the automobile was stored in the garage transiently and, therefore, exempt from seizure under Article 2708 of the Code.

To the same effect is Turner v. Ratcliff, La.App., 152 So. 379, where the automobile belonging to a third person was seized in a garage located on the leased premises. The only question considered by the court was whether the automobile was transiently on the property and, therefore, exempt under Article 2708.

In the other case cited by the Judge, i. e., Tilly v. Woodham, La.App., 163 So. 771, the automobile was likewise seized in a garage on the leased premises and the question considered by the court was whether it was transiently there.

In addition to the foregoing cases the Trial Judge relies on the decision in Fee-Craton Hardwood Co. v. Richardson-Warren Co., 18 F.2d 617, decided by the United States District Court for the Western District of Louisiana. A reading of that case discloses that it is inapplicable to the matter at hand. While it is true that in that opinion the Judge remarks that the law of

Louisiana gives to the lessor a lien and pledge upon all property found upon the land including that of third persons, that statement is obviously in conflict with the clear language contained in Article 2707 of the Code and the decision of this Court in Burn Planting Co. v. Goldman Landing Co., supra.

For the reasons assigned, the judgment of the District Court is reversed. It is now ordered that the intervention of A. J. Comeaux be maintained and that the four-wheel house trailer in the custody of the Sheriff of Vernon Parish under the writ of provisional seizure issued in this case be released to A. J. Comeaux. The plaintiff, E. D. Boone, is condemned to pay all costs of this proceeding.

ROGERS, J., absent.